## JAS. EDGAR HERRING v. A. & M. MOSES.

1. DESCRIPTION.  *Tax-deed.  Ambiguity.*

    A tax-deed describing the land conveyed as "west part of section 7, township 7, range 2, containing 300 acres, more or less," is not void for uncertainty, but good to convey 300 acres taken in a strip of equal width off the west side of said section.  *Tierney* v. *Brown,* 65 Miss., 563.

2. SAME.  *Tax-deed.  Description.  Code* 1880, § 491.

    Under § 491, code 1880, such a deed, based on an assessment to "unknown owner," is not rendered void for uncertainty of description by proof that the 300 acres, when laid off, embraces several small tracts separately assessed, the taxes on which were paid.  Such sale passes title to the 300 acres, less the tracts separately assessed and paid on.

3. SAME.  *Description.  Definite number of acres.  Code* 1880, §§ 491, 521.

    A sale by the tax-collector of a 300-acre tract in a body, instead of by offering it in 40-acre parcels, as required by § 521, code 1880, vitiated the sale, and this, although the section, being fractional, and its boundaries irregular, had not been, and could not be, divided into equal subdivisions by governmental survey.  A sale by offering 40 acres at a time was feasible, and under § 491, code 1880, would have passed an undivided interest in the whole, equal to the proportion which the number of acres sold bore to the whole tract.

FROM the chancery court of Franklin county.

HON. CLAUDE PINTARD, Chancellor.

The case appears in the opinion.

*Cassedy & Cassedy,* for appellant.

The description is not void for uncertainty.  *McCready* v. *Lansdale,* 58 Miss., 877 ; *Tierney* v. *Brown,* 65 *Ib.,* 563.  The section was fractional and irregular in shape, and had not been subdivided by governmental survey into ordinary subdivisions.  It could not, then, be assessed according to the government survey.  Section 521, code 1880, applies only where there are legal subdivisions.  *Caruthers* v. *McLaran,* 56 Miss., 371.  If there has been no such survey, the tax-

collector is not required to offer in tracts of 40 acres.   Any other construction would, in some cases, render it impossible to make a valid sale.

*R. H. Thompson,* for appellees.

The description is incurably void.   This must be true, because of the irregular shape of the section, and because of the further fact that some of the 300 acres on the west side of the section cannot be a part of the lands sold, because assessed to other persons.   These smaller tracts are themselves insufficiently described, and, instead of aiding in the identification, increase the confusion. · The assessment-roll does not furnish any clew which, when followed by the aid of parol testimony, conducts certainly to the land intended. *Dodds* v. *Marx*, 63 Miss., 443.

Failure to sell in 40-acre tracts vitiated the sale.   Code 1880, § 521; *Griffin* v. *Ellis*, 63 Miss., 348.   Construing § 521 with § 491, code 1880, it will be seen that the latter was intended to provide for the application of the former section to just such a case as is involved in this suit.

It was the duty of the tax-collector to have first offered 40 acres of the tract, and to have proceeded by offering an additional 40 acres if necessary.   Section 521 is not limited to cases where sections are divided according to the government survey.

WOODS, J., delivered the opinion of the court.

The appellant exhibited his bill in the chancery court of Franklin county, praying confirmation of his tax-title to the lands named therein.   The lands were purchased in March, 1890, at tax-sale, and the collector's deed to appellant describes them as the "west part section 7, township 7, range 2—300 acres."   The answer to the bill sets up two defenses, viz : (1) The insufficiency of the description of the land, and (2) the failure of the sheriff and tax-collector to offer the lands in 40-acre lots.

The agreed statement of facts on which the case was tried shows that the land was offered and sold in one body, and not in 40-acre lots, and that the section (7) had been surveyed by the government of the United States, but had never been divided into any lots, and that the section was fractional, an old Spanish grant on its east side giving it an irregular shape.

Neither the irregular eastern outline of the section nor the admitted fact that there had never been any subdivision by actual governmental survey into 40-acre lots in anywise affect the questions involved. If the description of the land found in the deed be applied to the section, there will be found to be no difficulty in identifying the thing conveyed. Without the slightest difficulty or uncertainty, the 300 acres in the west part of the section may be ascertained in the manner more than once pointed out in former decisions of this court. *Tierney* v. *Brown*, 65 Miss., 563, and other cases.

If Mr. Parmeter is the owner of 75 acres in the north-west corner of the section, and Williams or Rowland is the owner of 8 or 11.69 acres in the west half of the section, and the taxes on their lands had been paid, or if any other person owned any part of the section covered by the 300 acres laid off in the west part of the section, no serious embarrassment could arise, for the tax-deed would cover the 300 acres in the west part, less the Parmeter tract and less other tracts in the same west part situated as these smaller parcels appear to be. The deed, in its description, is sufficient to convey the 300 acres assessed to unknown owners in the west part of the section, less the lands in the same area assessed to other persons. The first defense is therefore without merit.

Was the sale void because the lands were not offered in 40-acre lots? We have already said that it was immaterial whether the section had ever been subdivided into lots of 40 acres by governmental survey, by lines laid out on the ground. Given a survey by the government marked out on the ground, and evidenced by field-notes, a subdivision into quarter sec-

tions, and these again into four equal parts, can be readily made. But if the section had been so irregular as to be not susceptible of equal subdivision into quarters and eighths, still the whole body of land should not have been offered at once, but lots of 40 acres, as required by law. The correctness of this view is manifest on an examination of § 491, code 1880: "In assessing land, a description of it as a part of a designated tract or division shall be held to embrace such part as is the subject of separate ownership as one tract or division, whether owned by one or several jointly; and when part of a designated tract or division shall be sold for taxes, the sale shall pass the title of such part as was the subject of such separate ownership when it was assessed; and the sale of a specified number of acres of a tract containing more, or a specified portion of a tract, shall pass an undivided interest in the whole tract equal to the proportion which the number of acres or portion sold bears to the whole tract."

It is clear that a perfect compliance with the law requiring offerings in 40-acre lots was feasible in the case at bar, for, in the absence of any survey into eighths of sections, a sale in 40-acre lots would certainly have passed an undivided interest in the whole tract equal to the proportion which the number of acres sold bore to the whole tract.

*Affirmed.*