## G. W. LEWIS v. MARY E. GRIFFIN.

### [60 South. 651.]

1. TAXATION. *Tax title. Occupancy. Tax deed. Presumptions.*
   Where a tax sale is regular and valid, possession or occupancy of the land is not necessary to effectuate the deed.

2. TAX DEED. *Presumptions. Tax sales.*
   Where two tracts of land were separately assessed but conveyed by the tax collector to a purchaser at a sale for delinquent taxes, by one deed, this does not raise the presumption that the two tracts were not sold separately as required by law, since no statute requires that separate deeds must be made to each tract of land sold.

3. SAME.
   The tax collector's deed is *prima facie* evidence that he complied with the law.

APPEAL from the chancery court of Forrest county. HON. T. A. WOOD, Chancellor.

Suit by Geo. Wood Lewis against Mary E. Griffin for the purpose of canceling defendant's claim of title to certain lands. From a decree denying the relief prayed for, he appeals.

The facts are sufficiently stated in the opinion of the court.

*Stevens, Stevens & Cook,* attorneys for appellant.

The first question to be determined in the consideration of this case is whether or not the tax sale to J. P. Carter is void. If the tax sale is void, according to our contention, the appellee's title absolutely fails. We contend that this court has settled this question in appellant's favor in several recently considered cases. At the time of the sale in March 1895, section 1313 of the Code of 1892 governed as to the method to be pursued in offer-

ing the land for sale and in making the sale. The tax collector's deed and the list of lands sold to individuals for taxes show that the lands in controversy were put up and sold along with other lands assessed separately from the land in controversy and were knocked down upon one bidding; that the two tracts were absolutely separate and distinct, one being in township two north, of range thirteen west, and the other tract being in township three north of range twelve west—many miles distant from the first described tract. The lands were not only separate tracts but necessarily of different values. The case of *Griffin* v. *Ellis*, 63 Miss. 348; *Gregor* v. *Brogan*, 74 Miss. 694; *Nelson* v. *Abernathy*, 74 Miss. 164; *Higdon* v. *Salter*, 76 Miss. 766; *Harron* v. *Jennings*, 31 So. 965, established the proposition that where there is a departure from the plain directions of the statute as to the manner in which land shall be sold for taxes, the tax sale is void notwithstanding the several curative provisions of the statute with reference to tax sales. The cases of *Speed* v. *Knight*, 76 Miss. 728, and *Hewes* v. *Seal*, 80 Miss. 437, are absolutely decisive of the case at bar so far as the validity or invalidity of the tax sale to J. P. Carter is concerned. The former case holds that where lots widely separate and of different values are sold as one tract, the sale is invalid. *Hews* v. *Seal, supra,* holds that where separate parcels of land, separately assessed to the same owner, have been sold together by tax sale and have been embraced in a single tax deed, such tax sale is void. The case of *Higdon* v. *Salter, supra,* holds that a tax sale of separate tracts assessed one to a party named and the other to "owner unknown" where the sale is at the same time and by the same deed, is void. We confidently rely upon the several cases above cited and upon the plain provision of section 3813 of the Code of 1892, which has been brought forward in the Code of 1906 as section 4328, as establishing beyond question the absolute nullity of the tax sale to J. P. Carter of the lands in controversy.

There is no evidence in the record which can be dignified
by the name of evidence, contradicting the plain provis-
ions and recitals of the tax deed and the entry on the list
of lands sold to individuals for taxes. Mr. Carter does
not undertake to state just what did occur at the tax sale,
and his testimony as to how the sale was conducted
amounts to a mere expression of opinion, at this late day,
as to what did occur when these land were sold. It is
manifest that he had no recollection, when he testified, as
to how the sale was made—whether both tracts were sold
at one and the same time or were actually cried off by
the tax collector in two separate sales. The tax collec-
tor, Mr. Mixon, says that his custom was to offer one
forty and if it did not bring the amount of the taxes to
offer another and so on until the taxes and damages were
bid. His testimony bears out the recital of the deed and
the entry on the list of lands sold to individuals. The
latter list described both tracts and opposite the descrip-
tion runs out only one entry of taxes and damages, treat-
ing both tracts as having been sold at one and the same
sale. This entry would certainly not have been made if
the land had been separately sold; and certainly the tax
collector would not have made one deed reciting one con-
sideration, if both had been separately sold. There is no
attempt either in the deed or in the entry on the list of
lands sold to individuals to separate the amount which
each tract brought at the tax sale, and the conclusion is
overwhelming that both tracts, simply because they were
assesed to the same party, were put up and sold at the
same time. It frequently happens that lands are as-
sessed to a person to whom they do not belong, and it is
the policy of the law with reference to separate tracts
of land that they be separately sold where they do not
constitute a single tract.

Where lands constitute separate tracts they are almost
uniformly of different values. In case they are put up
and sold at a tax sale a purchaser present might be inter-

ested in the purchase of one tract when he would have no interest in the purchase of two or more different tracts; he might be interested in one tract where there are two to be sold, and have no interest in the other tract. So that there is reason behind the plain provision of the statute. We therefore submit that the tax sale which forms the basis of appellee's title was utterly void and at most only conferred color of title upon Mr. Carter.

This brings us to consideration of the next important question in the case. Was the chancellor correct in finding in the court below "that appellee and her grantors have been in the adverse, open, actual and notorious possession of the lands in controversy for more than ten years before the institution of this suit, of which fact complainant and his grantors had notice." It is apparent from the decree that the chancellor based his action in finding for the appellee, upon the finding that the appellee and her grantors had so possessed and occupied the land in controversy for ten years or more. If it be conceded that the tax sale was void and only furnished appellee and her grantors color of title, then the burden was upon appellee to establish, by the most clear and satisfactory evidence, that she and her grantors had so occupied the land in controversy as to bring her within the provision either of the ten-year statute of limitations or the three-year statute of limitation pertaining to lands claimed under a tax sale.

*N. C. & C. E. Hill,* attorneys for appellee.

Now we respectfully submit that the tax title of J. P. Carter was a good and valid one, and that the fact that both tracts of land were included in one deed did not invalidate the sale at all, nor is it evidence that the two tracts were not sold separately and in the manner directed by law. No presumption, we submit, must be indulged against the validity of the sale because both tracts

were included in one deed; we contend that *Hewes* v. *Seal,* 80 Miss. 437, is not an authority in this case for appellant, as it appeared from the evidence in that case that the lots were sold *in solido* by first offering one, then adding another and so on until the whole were sold including the noncontiguous tracts, all the lots being conveyed in one deed. Of course the sale was void, not because only one deed was executed for the whole, but because it appeared affirmatively from the facts that the lots were not sold as required by law. We submit that in the instant case the evidence does not show that the sale was not made strictly as required by law, but on the contrary all the evidence there is on the subject is to the effect that the sale was legally made. We submit that nothing should be indulged against the sale because both tracts were included in one conveyance. No statute forbade it. Why should there be any requirement that a separate conveyance shall be made for each tract of land sold where the several tracts sold are assessed to the same individual, and all are purchased by one person? It would impose an unnecessary burden of costs in making, acknowledging and recording so many separate conveyances. Suppose that A owns one hundred noncontiguous lots, all of which are assessed to him separately and that they are delinquent and are sold for taxes, separately, and all bought by B, the sale being regular in all respects. Should the collector execute one hundred conveyances to B for the lots so purchased, or should he include the whole in one deed, and thus save the expense of executing ninety-nine deeds, ninety-nine acknowledgement fees and ninety-nine recording fees? What benefit could A derive from having one hundred deeds made to the several lots? If he desired to redeem some of the lots, and not the whole, he could easily do so as pointed out by Judge Calhoon in *Hewes* v. *Seal* by paying the amount of tax on such separate tracts as he desired to redeem. Says Judge Calhoon, "It is easy enough for the clerk,

with the rolls at hand, to ascertain amounts and cancel as to parcels so redeemed," *supra.* We submit, therefore, that *Hewes* v. *Seal* is authority for incorporating all tracts in one deed that are sold which are assessed to one owner and bought by one person. It would be beneficial, both to the owner and to the purchaser, to have only one deed made in such case. On the subject of redemption see section 3439, Code 1892 (now section 4339, Code 1906), which provides that where the purchaser redeems only a part of the land sold, the excess shall be apportoined ratably to the amount of taxes due at the time of the sale on the respective parts," thus showing that a part of the lands included in a tax deed may be redeemed without redeeming the whole.

The appellant having alleged that the two tracts of land in question were sold together, and not separately by the tax collector, and that said tax sale is therefore void, must prove it by clear proof. Every indulgence in favor of the validity of the deed must be granted. Section 1806, Code 1892, makes the tax collector's deed *prima facie* evidence that the sale was valid, and besides the law assumes and presumes that all officers comply with their duty and their official acts are legal until the contrary appears by clear proof, and in the instant case we submit that there is no proof in this record to warrant the court in saying that the lands were sold as one tract. The finding of fact on this point by the chancellor should not be set aside unless clearly wrong.

Three years occupation. We submit that the uncontroverted evidence in the case shows that appellee has had more than three years actual occupation of the land. The bill alleges that she began cutting the timber in 1904 and continued in 1905 and 6, while the testimony, uncontroverted, of W. E. Griffin, appellee's husband, shows that she cut the timber on the land in 1906 and 1909 and that he went upon and over the land with log wagons and teams, and established log landings thereon and used and

occupied it in that way for several years, all the time asserting title to it under the tax deed, in addition to paying all taxes and the assessment of the lands since 1898 to appellee and her grantor. The evidence shows that this actual occupation began in 1904 and in 1906, February, and prior thereto appellee had cut several hundred logs from the land. Surely under these facts it must be held that appellee has had more than three years' actual occupation of it, and under the excellent decision of this court in the case of *Hamner* v. *Yazoo Delta Lumber Co.*, 56 So. 466, her title has ripened into a perfect one, even though the tax sale was void in the beginning.

We submit in conclusion: First, that the tax title is valid; second, that it is incumbent on appellant to show its invalidity; third, the law presumes the sale valid; fourth, that appellee has shown that she has had ten years practicable, adverse possession; fifth, that she has had three years' actual occupation and that the findings of fact on these questions by the chancellor are to be upheld by this court unless clearly wrong, and that the decision of the court below is clearly right.

COOK, J., delivered the opinion of the court.

There is only one question to be decided in this case; for, if the evidence discloses that the tax sale by which appellee claims title to the land was regular and valid, the possession or occupancy of the land was not necessary to effectuate her deed.

It is claimed that the list of lands sold to individuals filed by the tax collector with the clerk of the chancery court shows that the two tracts of land which were separately assessed were grouped together, and that the two separately assessed parcels of land were embodied in the same deed to the purchaser at the sale for delinquent taxes. This, it is said, overcomes the presumption the statute gives to tax collector's deeds, or, rather, that the

list of lands sold to individuals, together with the collector's deed to the purchaser, raises the presumption that the two parcels of land were not sold separately.

The deed and list of lands do not raise any presumption that the law was not complied with, since no statute requires that separate deeds must be made to each tract of land sold. The only requirement of the law is that each tract of land separately assessed shall be offered and sold separately.

The tax collector's deed is *prima facie* evidence that he complied with the law.

*Affirmed.*