JONES *v.* SEWARD.

(Division B. Feb. 15, 1943. Suggestion of Error Overruled. March 1, 1943.)

[12 So. (2d) 132. No. 35268.]

**Stone & Stone,** of Coffeeville, for appellant.

**G. H. McMorrough,** of Lexington, for appellee.

**Anderson, P. J.,** delivered the opinion of the court.

The Abiaco Drainage District is composed of lands in Carroll, Leflore and Holmes Counties. The district was organized under Chapter 195, Laws of 1912, and acts amendatory thereto. Mrs. Jones, the appellant, owned four hundred acres of land in the district in Holmes County, all in a connected body. On the 5th day of April, 1941, the sheriff and tax collector of Holmes County sold the land for its delinquent drainage taxes. It was all bought in at the sale by the appellee Seward. Mrs. Jones filed her bill in the chancery court of Holmes County to set aside the sale upon three grounds. The bill was demurred to, the demurrer sustained and final decree entered dismissing the bill. From that decree, Mrs. Jones appealed.

One of the grounds upon which the sale was attacked was that the sheriff and tax collector in making it failed to first offer the land in subdivisions of forty acres. We are of opinion that ground is well founded and that the others are not of sufficient merit to call for a discussion that would be of any benefit to the bench and bar.

The bill alleged and the sheriff's report of the sale showed that he offered and sold the four hundred acres of land in four separate subdivisions, three of eighty acres each and one of one hundred and sixty acres, and that each was separately sold at a price mentioned in his report to the appellee Seward. Sections 10 and 23 of Chapter 195, Laws of 1912, under which the district was organized, provide, among other things, that the sheriff and tax collector of the county in which the land is situated shall collect the delinquent drainage taxes, and for that purpose is given power of sale. But neither of those Sections, nor any other provision of Chapter

195, contain the requirement that the land where it constitutes more than forty acres in one body shall first be offered in subdivisions of forty acres. That is the requirement with reference to the sale of land for delinquent state and county taxes, Section 3249, Code of 1930; and a failure to comply in making such a sale voids it. Herring v. Moses, 71 Miss. 620, 14 So. 437; Talmadge v. Seward, 155 Miss. 580, 124 So. 791. However, in Chapter 303, Laws of 1926, amendatory of Section 23, Chapter 195, Laws of 1912, which amendment was brought forward in Section 4488 of the Drainage District Chapter of the Code of 1930, it is expressly provided that the sheriff shall sell such lands *"at the time and in the manner now provided for the sale of land for taxes due thereon to the state and county"* (emphasis ours). The quoted clause plainly means that in making a sale of land, constituting one connected body, for delinquent drainage taxes it shall first be offered in forty acre blocks. The offering is a part of the *manner* of sale.

Reversed and remanded.

### ON SUGGESTION OF ERROR.

**Alexander, J.**, delivered the opinion of the court on suggestion of error.

Suggestion is made that in the former opinion reference was not made to Chapter 69 of the Laws of 1938, Extraordinary Session. While this section amended Code 1930, Section 3249, its application does not alter the result here, since it is conceded by the appellee that regardless of whether each separate assessment is considered as a separate tract for the purpose of sale for taxes, such tracts must be sold as required by Section 3249 as so amended.

It is our intention, however, that the 1938 amendment be considered and applied in the further disposition of the cause and to this end take this occasion to make more definite reference thereto.

Overruled.