JONES *v.* SEWARD.

(In Banc.   Feb. 14, 1944.   Suggestion of Error Overruled.   Feb. 28, 1944.)

[16 So. (2d) 619.   No. 35522.]

W. I. Stone, of Coffeeville, for appellant.

G. H. McMorrough, of Lexington, for appellee.

448

**Roberds, J.,** delivered the opinion of the court.

This appeal involves the questions (1) whether a sale of lands made by the tax collector on the first Monday of May, 1941, pursuant to an order of the supervisors designating that day for such sale, for drainage taxes delinquent for a prior year was legal as to the date of the sale, or whether the statute required the sale to be made either upon the first Monday of April or the third Monday of September; (2) whether the proof in this record is sufficient to show that the lands were not first offered for sale in not exceeding 40-acre tracts, and (3) whether the owner has the right to redeem the lands in this proceeding from such tax sale in case the sale be held to be valid.

On the first question, it was legal to hold this sale on the first Monday of May. Smith et al. v. Hendrix, 181 Miss. 229, 178 So. 819; Sec. 2, Chap. 195, Laws of Miss. 1934.

As to the second question, the burden was upon the appellant-complainant to show that the lands were not first offered in parcels not exceeding forty acres. The bill alleged that was not done. The answer denied that allegation. Complainant introduced the report of the sale made by the sheriff and tax collector. It showed that four separate sales were made—one of "S½ of SW¼," one of "W½ of SE¼," another of the "NW¼," and another of "E½ of SW¼," of specified sections, aggregating 400 acres, setting opposite each description the amount for which that tract sold, giving Frank H. Jones, predecessor in title of appellant, as the person to whom each tract was assessed, and D. Seward, appellee, as the purchaser of each. Appellant apparently relies upon this report to prove that the collector did not offer and sell the lands

in compliance with the statute. The statute provides "He (the tax collector) shall first offer forty acres or a smaller separately described subdivision, if there be any, and if the first parcel so offered does not produce the amount due, then he shall offer another similar subdivision and so on until the requisite amount shall be produced or until all the land constituting one tract and assessed as the property of the same owner be offered. Each separate assessment as it appears and is described on the assessment roll shall constitute one tract for the purpose of sale for taxes, notwithstanding the fact that the person who is the owner thereof, or to whom it is assessed, is the owner of or is assessed with other lands, the whole of which constitute one entire tract but appears on the assessment roll in separate subdivisions. Upon offering the land of any delinquent taxpayer constituting one tract, if no person will bid for it, the whole amount of taxes and all costs incident to the sale, the tax collector shall strike it off to the state." Chapter 69, Miss. Extra. Session, 1938, pp. 126, 127; Sec. 4488, Code 1930.

The proof shows that the tracts appeared assessed on the rolls under the same subdivisions and descriptions as above quoted, all and each as the property of Frank H. Jones. It will be noted the law does not require the lands to be sold in parcels not exceeding forty acres; it only requires they be thus first offered. If that parcel does not "produce the amount due," the collector shall offer another "and so on until the requisite amount shall be produced or until all the land constituting one tract and assessed as the property of the same owner be offered." The report of the sale is silent as to how the lands were offered for sale; it says they were finally sold in the quoted subdivisions, as is usual in such reports. But the report does say the collector made the sale "pursuant to law," which carries the inference that he did conduct the sale in compliance with legal requirements. In addition to that, it will be presumed, in the absence of proof to the contrary, that this official performed his duties in

the manner required by the law. Complainant also introduced the minute of the supervisors ordering the sale of the lands, but this, of course, is no proof as to how the later sale was made. Complainant's case rested upon the allegations of her bill, which were denied by the answer, and the assessment, order of the supervisors for, and the report of the collector of, the sale of the lands to prove the asserted fact that the collector did not first offer the lands in parcels not exceeding forty acres. This did not meet the burden.

But appellant says this question was settled by this court in its opinion upon the former appeal of this case (Jones v. Seward, 194 Miss. 763, 12 So. (2d) 132), wherein the court said: ''The bill alleged and the sheriff's report of the sale showed that he offered and sold the four hundred acres of land in four separate subdivisions, three of eighty acres each and one of one hundred and sixty acres, and that each was separately sold at a price mentioned in his report to the appellee Seward.'' There is an important and fundamental difference between the case as then and now presented. On the former appeal the case was determined upon the original bill, exhibits, and demurrer. The bill stated, and the demurrer admitted, that the lands were not first offered in parcels of forty acres. However, as now presented, the answer specifically and emphatically denies that allegation of the bill, thus placing on complainant the burden of proving the asserted fact, which the evidence offered by complainant does not do.

As to the third question—the right to redeem in this proceeding—the chancellor held this might be done and appointed a master to ascertain the amount necessary for that purpose, which the master did. Appellee cross-appeals from that holding. Appellant offered to redeem in this proceeding within the two years allowed by statute for redemption of lands from tax sales. Sec. 3264, Code 1930, amended by Chap. 286, Laws Miss. 1932. This is not a proceeding merely and only to redeem. The bill makes

a bona fide attack upon the validity of the sale, thereby presenting an issue of equity jurisdiction, disregarding the redemption feature. In such case the right of redemption may be exercised in that equity proceeding, and the method is not limited to that before the chancery clerk as provided by Sec. 3263, Code of 1930, amended by Chap. 175, Laws of Miss. 1932, and Chap. 197, Laws of Miss. 1934. See Swalm v. Sauls, 141 Miss. 515, 106 So. 775; Cuevas v. Cuevas, 145 Miss. 456, 110 So. 865; Simpson v. Ricketts, 185 Miss. 280, 186 So. 318.

The chancellor held in accordance herewith on all the questions involved, and we would enter final judgment here except that the amount required to redeem when and if appellant makes tender for that purpose must be hereafter ascertained as of that date. The cause is remanded for that purpose only.

Affirmed on direct and cross-appeals, and remanded.