STATE *et al. v.* WILKINSON *et al.*

(In Banc. Dec. 22, 1944. Suggestion of Error Overruled Feb. 12, 1945.)

[20 So. (2d) 193. No. 35735.]

Sillers & Roberts, of Rosedale, and Greek L. Rice, Attorney General, by W. B. Fontaine, Assistant Attorney General, for appellants.

Roberson & Luckett, of Clarksdale, for appellees.

**Roberson & Luckett,** of Clarksdale, and **Hathorn & Hathorn,** of Hattiesburg, for appellees, on suggestion of error.

638

Argued orally by **W. B. Fontaine** and **Walter Sillers,** for appellants, and by **Semmes Luckett,** for appellees.

**McGehee, J.,** delivered the opinion of the court.

This appeal involves the alleged invalidity of two tax sales made to the state on December 8, 1931, and April 6, 1932, respectively. The sales in each instance were of Sixteenth Section and other lands, which together comprise one tract, assessed to the same owner. The appellees F. W. and M. R. Wilkinson, composing the partnership of Bolivar Gin Company, were the holders of the unexpired portion of 99-year leases on the lands in Section Sixteen, and in their bill of complaint they seek to have the said tax sales declared void and cancelled as a cloud on their leasehold interest, making the State of Mississippi, as trustee for the benefit of the inhabitants of the township, and Bolivar County through its board of supervisors and county superintendent of education parties defendant in the suit. From a decree holding such sales to be void and cancelling the claim of all the defendants wherein they assert that the state now holds these Sixteenth Section school lands as such trustee, free and unburdened by the former leases, this appeal is prosecuted.

The validity of the first sale is challenged on two grounds: (1) That the tax collector's list of lands then sold to the state shows on its face that the lands were not offered for sale and sold in the manner required by law; and (2) the tax collector was without authority to make the sale on December 8, 1931, for the reason that the order of the board of supervisors directed that the same be made on "the first Monday and 7th day of December, 1931, as provided by Section 3252 of the Mississippi Code of 1930," and that this statute authorizing

lands not sold at the regular time to be sold at any time designated by the board in its order does not contain a provision for one of such special sales to be continued from day to day.

The certified list of lands sold to the state on December 8, 1931, as transmitted by the tax collector to the chancery clerk, discloses that the tract is listed thereon in five separately described parcels on as many different lines thereof, but in consecutive order, and on each line where one of the parcels is described there is also shown the date when sold, to whom assessed, the number of acres therein, the assessed value thereof, a statement of the amount of the taxes due thereon, the tax collector's damages and fees, and then follows the total of all taxes and costs assessed or claimed against such parcel. For instance, the first of the five parcels shown on the list, comprising the one tract here in question, is listed and described on one line thereof as the SW¼ and SW diagonal ½ of SE¼ of Section 16, Township 24, Range 5, consisting of 240 acres, valued at $5,700, with taxes assessed thereon of $545.58; tax collector's damages, $54.55, fees, $1.50, total taxes and costs, $601.53; and the list shows that the above decribed parcel of land when sold to the state was assessed to the Bolivar Gin Company along with the four other separately assessed parcels comprising the tract of which it is a part. And the foregoing data relating to the parcel above particularly described is set forth in detail in connection with each of the other four parcels, listed in consecutive order as aforesaid; and on the same line of the list where the description of each parcel appears, except as to the difference in such description, value, acreage, taxes due on each, amount of the tax collector's damages and fees, and the total taxes and costs pertaining to each of such separately assessed parcels.

The list thus shows the taxes and costs on the first parcel of 240 acres to be the sum of $601.53, as aforesaid; on the second parcel, $1,055.98; on the third parcel, $81.02; on the fourth, $1,499.25; and on the fifth, $223.08—in

other words, the list of lands sold to the state and which shows as aforesaid that these five separately assessed parcels of land were sold as the property of the same owner and comprised one tract, does not show the total sum for which all of the lands were struck off to the state, except to the extent that the total sum can be determined by the addition of the several sums of taxes and costs above stated and which are set forth on the line opposite each separate parcel in the manner hereinbefore stated.

It is therefore contended by the appellees, and it was so held by the trial court, that this list shows on its face that five separate sales were made to the state for the respective amounts stated in the preceding paragraph next above instead of all of the lands thus comprising the tract being offered for sale in forty acres, then by offering another forty if no bid was received on the first one offered of a sufficient amount to satisfy the taxes and costs due on the whole tract, and so on until the entire tract was offered for sale as a whole, if necessary, in order to collect the total taxes and costs, as required by Section 3249, Code 1930.

The applicable portion of said Section 3249, relating to the manner in which the tax collector shall offer lands for sale, is that: ''He shall first offer forty acres, and if the first parcel so offered do not produce the amount due, then he shall offer another similar subdivision and so on until the requisite amount be produced, or until all the land constituting one tract and assessed as the property of the same owner be offered. Upon offering the land of any delinquent taxpayer, constituting one tract, if no person will bid for it the whole amount of taxes and all costs, the collector shall strike it off to the state. The sale shall be continued from day to day within the hours for sheriff's sales until completed; but neither a failure to advertise nor error in the advertisement, nor error in conducting the sale, shall invalidate a sale at the proper time and place for taxes, of any land on which the taxes

were due and not paid; but a sale made at the wrong time or at the wrong place shall be void.'' And it was held in the case of Nelson v. Abernathy, 74 Miss. 164, 21 So. 150, that a sale void for failure to offer the land for sale in such manner is not cured by the provisions of this sec·tion that no error in conducting the sale shall invalidate it.

It will be noted that this statute does not require that after the land has been first offered to individuals in the manner therein required and no person will bid for it the whole amount of taxes and costs, it shall be again offered to the state in a like manner, but merely provides that after it has been first offered in such manner and no ''person'' will bid for it the whole amount of taxes and all costs, the collector shall strike it off (as a whole) to the state. It is clear, however, that the statute requires that it shall be first offered to individuals in such a manner before the collector is authorized at all to strike it off to the state. These requirements were enacted for the benefit of the owner of the land, to the end that only such part of his property shall be sold as may be necessary to realize the whole amount of the taxes and costs due on the entire tract. There is always the prospect that some person will bid the whole amount due on the entire tract for the first forty offered; or at least when another is added and so on the bid may amount to more than the entire taxes and costs. But by a legal fiction the state is present and bidding the full amount—no more and no less—for all of the tracts and not merely for a part of it, in the event there is no sufficient bid by an individual.

The question therefore presented is, whether or not the list of lands made and certified to by the tax collector of the sales made by him to the state on December 8, 1931 shows on its face that he did not first offer it for sale to individuals in the manner required by law, or that receiving no bid from any person, he struck it off to the state as five separate parcels in as many sales instead of as one sale of the entire tract for the total taxes and costs.

Section 3256, Code 1930, provides, among other things, that "the tax collector shall . . . transmit to the clerk . . . separate certified lists of the lands struck off by him to the state and that sold to individuals, specifying to whom assessed, the day of sale, the amount of taxes (even though the bid may be more) for which the sale was made and each item of costs incident thereto, and, where sold to individuals, the name of the purchaser . . . ." The precise contention of the appellee is, however, that in order for the list of lands sold to the state in the instant case to show that this was a valid sale, it is necessary that it should have shown in the column denominated "When Sold to State" the date, "December 8, 1931"; in the column denominated "To Whom Assessed," the name "Bolivar Gin Company"; in the column denominated "Description of lands," the lands described as the first parcel in the tract, to wit, "SW¼ and SW diagonal ½ of SE¼ of Section 16, Township 24, Range 5," and then on the same line of the list all of the lands shown to have been assessed to the same owner, instead of listing them as he did in four other separate parcels on separate lines of said list in consecutive order immediately following the description of that above particularly described; in the column denominated "Statement of Taxes," the sum of $3,142.14; in the column denominated "Tax Collector's Damages," the sum of $314.21; in the column denominated "Statement of Fees," the sum of $4.50; and in the column denominated "Total Taxes & Costs," $3,460.85.

However, it will be noted from the language of said Section 3256, Code 1930, that the statute does not require, by its terms at least, that the lands be listed by one description embracing all the lands constituting one tract, or body, on the same line of the list transmitted by the tax collector, nor that the aggregate amount of the taxes for which the sale was made and each item of cost incident thereto shall be computed and set forth in one sum on the same line in such list, instead of merely showing

the amount of taxes and each item of cost pertaining to each of the separately assessed parcels of the land, comprising the tract, on separate lines in consecutive order, as was done in the instant case.

If the tax collector struck off in consecutive order these several separate parcels *as one sale to the state* for the several amounts of taxes and the incident costs, then it would seem that these several amounts would constitute the aggregate consideration for which the sale was made, if that is required to be stated, and that his failure to note as one total sum what the several amounts of taxes and costs would make in the aggregate by simple addition should not vitiate the sale where his list furnished all of the data required by the statute, to show "the amount of taxes for which the sale was made" and also the consideration for which the lands were struck off to the state, that is to say, all of the taxes and "each item of costs incident thereto."

The collector attached to the list his official certificate, which recited that the same contains a correct list of the lands sold to the state for the delinquent taxes due thereon for the fisal year 1930, and that the same were sold "pursuant to the requirements of law." The statute does not require that he shall show either on the list provided for therein of the lands sold or in his certificate attached thereto that he first offered forty acres and that it failed to produce the amount of taxes due, and that he thereafter offered another similar 'subdivision, and so on until all of the land constituting one tract and assessed as the property of the same owner was offered before he struck the lands off to the state. The presumption is that he performed his duty in that behalf in the absence of evidence on the list or other proof to the contrary. Section 1578, Code of 1930; Mitchell v. Tubb, 107 Miss. 221, 65 So. 216; Alvis v. Hicks, 150 Miss. 306, 116 So. 612; Jones v. Seward, 196 Miss. 446, 16 So. (2d) 619. Cf. Lewis v. Griffin, 103 Miss. 578, 60 So. 651.

The only evidence introduced by the complainants to show that the land was not so offered for sale was the township map showing that the five parcels comprised one tract, and the list itself, disclosing the facts hereinbefore set forth, and which list also disclosed that the sales of different lands assessed to other owners and comprising a single tract were made of a part of such tract on December 7th and the remainder of the same on December 8, 1931. And while these disclosures on the list that different lands assessed to other owners than the Bolivar Gin Company and comprising one tract, had been sold on two different days is a circumstance tending to show that the collector may have likewise failed to offer and sell the lands involved in this suit in the manner required by law, such circumstances would not in itself, or when considered with the disclosures as to the lands here involved, be sufficient to overcome the presumption that the lands of the appellees were validly sold.

But the appellees contend that the cases of Carter v. Moore et al., 183 Miss. 112, 183 So. 512, and Cox v. Richerson, 186 Miss. 576, 191 So. 99, 124 A. L. R. 1168, are decisive in their favor of the question here involved. However, in the case of Carter v. Moore, supra, the court dealt with two tax sales made in 1921 and 1930, respectively, of lands in Section 29 and 30, in Township 5, Range 12, Tunica County, comprising one tract. In the sale made in 1921 the lands were sold to separate individual purchasers, each receiving a separate deed from the tax collector, one for the land in Section 29, and the other for the land in Section 30. In the sale made in 1930, the same purchaser bought all of the lands but received from the tax collector two separate deeds therefor, one for the land in Section 29, and the other for those in Section 30; and the court said [183 Miss. 112, 183 So. 513]: "It is at once manifest that the statute was violated in the making of the 1921 sales, for the deeds themselves show that there were two separate and distinct sales—one sale of that part of the tract in Section 29, and another and

different sale to that part of the tract in Section 30, one person purchasing that in Section 29, and another person purchasing that in Section 30, the consideration for each sale being the amount of taxes and damages due on the particular piece of land sold. And we think it equally plain that the statute was violated in the making of the 1930 sales.'' And the court further commented in the opinion that ''to hold that the statute was complied with would mean that the recitals in the deeds were false,'' since the deeds show ''in unmistakable terms that two sales were made instead of one, each having a separate distinct consideration.''

Those two sales and the tax collector's several deeds were made under the authority and pursuant to the requirements of Sections 4328 and 4332, Code of 1906, the latter section requiring that ''Conveyances made by a tax-collector shall be to the effect following, to wit: (Recitals as to whom the land was assessed; a description thereof; that the sale was for the taxes assessed thereon for the year specified; the name of the best bidder therefor; the purchaser thereof, and the amount of his bid)'' In other words, the amount of the purchaser's bid was required to be stated in the deed whether it amounted to only the taxes and costs, or more. But the sale in the case at bar, made on December 8, 1931, was made under Sections 3249 and 3252, and 3256, Code 1930, the latter section having dispensed with either the necessity or authority for the tax collector to make a formal deed of conveyance to an individual purchaser, reciting, among other things, the amount of a purchaser's bid; and in lieu thereof it is now provided under Section 3256, Code 1930, as aforesaid, that the tax collector shall transmit to the chancery clerk a separate certified list of lands struck off by him to the state and that sold to individuals, ''specifying to whom assessed, the day of sale, the amount of taxes for which the sale was made (not necessarily the amount that may have been bid for the land by an individual) and each item of costs incident thereto, and,

where sold to individuals, the name of the purchaser . . . ." And this statute also provides that said list shall vest in the state or the individual purchasers thereof, a title to the land sold for taxes, and, in substance, that even if no list at all, or a defective list, is transmitted, such fact shall not affect or render the title void. Instead of being required to execute a formal deed of conveyance, the sheriff is now authorized by Section 3254, Code 1930, to deliver to the purchaser of all lands sold to an individual for taxes a receipt showing the amount of his bid, a description of the land sold, amount of the taxes due thereon, and the date of sale, which shall be evidence of the purchase of said land by such purchaser. And Section 3273, Code 1930, provides that when the period of redemption has expired, the chancery clerk shall, on demand, execute deeds of conveyance to individuals purchasing lands at tax sales.

In the case of Cox v. Richerson, supra, the land sold for taxes consisted of 200 acres, comprising one tract, and was assessed in three separate parcels on three different lines of the assessment roll, each separately valued, and the taxes were levied against each separate parcel according to its separate valuation, as was true in the present case except here there were five parcels instead of three. But the sale in that case was made on April 6, 1931, after the Code of 1930 had gone into effect on November 1, 1930, and the tax collector instead of merely filing the list of lands struck off by him to the state and that sold to individuals, as provided by Section 3256 of the said Code, undertook to execute three separate deeds of conveyance in favor of Cox as purchaser of the three parcels comprising the tract, reciting in each of the conveyances that he had sold a particular parcel of the tract to the said Cox, and describing it, and that the sale was for the taxes "assessed thereon" (meaning the particular parcel of land described in the deed), and that the land described in the deed was sold at and for a sum of money therein specified.

The purchaser under these three separate deeds relied on the conveyances to sustain his claim of title, and the court said that the "deed shows on its face or purports to do so what was actually done, that is that each tract was separately sold for the tax due thereon, and not for the tax due by the delinquent taxpayer." [186 Miss. 586, 191 So. 103.] The court followed the decision rendered in the case of Carter v. Moore et al., and addressed its opinion to the question of whether or not the deeds showed on their face that Section 3249, Code 1930, providing for the manner in which the lands should be offered, had been violated, and as to whether the testimony of the tax collector was admissible to contradict the recitals in the deeds of conveyance, since such recitals showed affirmatively that this statute had not been complied with. The court's attention does not seem to have been called to the fact that under the law as it then existed, the tax collector was not authorized to execute the deeds at all. Assuming, as the court did, that the deeds were executed by the officer in the course of his official duty, he was not entitled to contradict the recitals showing that he had made more than one sale.

At the time of the sales which were under consideration in the case of Carter v. Moore, supra, the amount of an individual's bid was, as heretofore stated, required by the statute then in force to be recited in the deed as the consideration paid for the land described therein, whether such bid was merely equal to or exceeded the total amount of taxes and costs—in other words, it was not necessarily the taxes and cost that constituted the consideration for the sale as in a case where the land is struck off to the state, but the amount of the purchaser's bid. The amount of such bid recited in the several deeds, respectively, in that case and in the later case of Cox v. Richerson, supra, was expressly shown by the positive recitals of the deed to have been the consideration paid for the particular parcel described in each conveyance, and it was manifest, therefore, that the lands had not been offered for sale or

sold in the manner provided by law. Moreover, the recital by the tax collector in each of such conveyances that he sold the land according to law was contradicted by the other recitals therein contained and required to be made by the plain terms of the statute; hence the presumption as to the correctness of the recital in the deed that the sale was made according to law was overcome.

Since the list of lands sold to the state for taxes, provided for by Section 3256, Code 1930, in the instant case, has the effect of vesting title in the state by one conveyance of all the land described, if sold according to law, and in view of the fact that it does not affirmatively appear on the face thereof that the lands were not first offered to individuals in the manner required, or that all of the lands comprising the tract and described in such list, even though listed as separate parcels, were not thereafter struck off to the state as one sale for the several sums listed as total taxes and costs against each separate parcel—the list being silent in regard thereto—the presumption of law that they were so first offered to individuals and later struck off to the state as one sale, must prevail, for the reason that this presumption does not contradict any positive recital that is contained in the list here certified to as constituting sales made ''pursuant to the requirements of law.''

In the case of Lewis v. Griffin, 103 Miss. 578, 60 So. 651, 652, two parcels of land which were separately assessed and comprising different tracts, were grouped together on the list of lands sold to individuals, and it was contended that this fact, together with their being combined in one deed to the purchaser, raised the presumption that the law, Section 3813, Rev. Code 1892, regarding how lands shall be offered for sale, was not complied with. The court held that the list of lands and the deed did not raise such presumption, since ''the only requirement of the law is that each tract of land separately assessed (where they are not contiguous) shall be offered and sold separately.'' It would seem that if the grouping of two

separate tracts on the list would not raise a presumption that they were offered and sold in one sale, then by the same logic the failure to group together in one description on the list five separately assessed parcels comprising one tract, would not raise the presumption that they were offered for sale and sold in five separate sales in the absence of other circumstances showing that more than one sále was made, such as where the sales were numbered by the tax collector on his list in the case of Leavenworth v. Claughton, 197 Miss. 606, 19 So. (2d) 815.

In the recent case of Jones v. Seward, 196 Miss. 446, 16 So. (2d) 619, 620, decided subsequent to the enactment of Chapter 69, Laws Extra. Sess. 1938, which amended Section 3249, Code 1930, and subsequent statutes amendatory thereof, so as to permit the tax collector to deal with each separate assessment as it appears and is described on the assessment roll as constituting one tract for the purpose of sale for taxes, notwithstanding the fact that the person who is the owner thereof, or to whom it is assessed, is the owner of or is assessed with other lands, the whole of which constitutes one entire tract, and under which new statute the same requirement theretofore in force as to offering the land for sale still obtains so far as it relates to offering for sale the land described in each separately assessed parcel on the assessment roll, the court said: "The report of the sale is silent as to how the lands were offered for sale; it says they were finally sold in the quoted subdivisions, as is usual in such reports. But the report does say the collector made the sale 'pursuant to law', which carries the inference that he did conduct the sale in compliance with legal requirements. In addition to that, it will be presumed, in the absence of proof to the contrary, that this official performed his duties in the manner required by the law."

But it is urged that since Section 3252, Code 1930, providing how land not sold at the regular time may be sold at any time designated therefor by order of the board of supervisors, does not contain the provisions found in

Section 3249 pertaining to sales at the regular time, for continuing the sale from day to day within the hours for sheriff's sales until completed, the sale here in question is void because made on December 8, 1931, instead of the first Monday and the 7th day of December, 1931, the date designated by the board of supervisors in its order directing such sale. It is provided, however, in said Section 3252, that the sale shall be made "subject to all the provisions of law applicable to such sales at the time appointed by law," and we are therefore of the opinion that the tax collector was authorized to continue the sale from day to day, if he deemed it necessary, in order to complete the sales of all the lands which he had been directed to sell.

The validity of the sale made on April 6, 1932, for the unpaid taxes for the year 1931, of the other lands involved in this suit in said Sixteenth Section assessed to the same owner and comprising one tract, is likewise challenged only for the reason that the tract is listed as two parcels on the list of lands sold to the state and on two different lines of such list, though in consecutive order, and that the acreage, valuation, statement of taxes, fees, and total taxes and costs pertaining to each parcel are run opposite each description instead of both of the separate parcels being described on the same line of the list and followed by the sum total of the acreage, valuation, taxes, fees, and total taxes and costs, computed on the sale line. This sale, however, is controlled by the same considerations hereinbefore set forth in regard to the sale made on December 8, 1931, except that it is contended that the list pertaining to that sale discloses, on its face, that five sales were made instead of one, and that two sales were made instead of one on April 6, 1932, of lands comprising a single tract.

What we have said is not considered to be in conflict with the decision of the case of Leavenworth v. Claughton, supra, for the reason that in that case the list of lands sold to the state disclosed affirmatively that the tax col-

lector had given each sale made by him a number and that he struck off to the state the two parcels in that case comprising one tract as two separate and distinct sales, numbered 217 and 218, respectively, under the column "Number of Sale."

The decree of the trial court must, therefore, be reversed, and the bill of complaint dismissed.

Reversed, and judgment here for the appellants.

DISSENTING OPINION.

**Smith, C. J.**, delivered a dissenting opinion.

I am of the opinion that the Tax Collector's list, showing the sale of land by him to the state for taxes, discloses on its face that he did not comply with Sec. 3249, Code of 1930, in making the sale of the land here in question, and, therefore, the decree of the court below should be affirmed, unless the parol evidence offered by the appellee should have been admitted, as to which I express no opinion.

ON SUGGESTION OF ERROR.

**Griffith, J.**, delivered the opinion of the court on suggestion of error.

When Secs. 3256 and 3264, Code 1930, Secs. 9935 and 9948, Code 1942, are read together, as well as with other sections in pari materia, it is clear enough that it is the duty of the tax collector, in making out his list, to be filed wth the chancery clerk, of lands sold to the state, to enter for each separate assessment (1) the date when sold, (2) to whom assessed, (3) the description, (4) the number of acres, and (5) the valuation, after which he shall extend on the list opposite each separate assessment the statement (a) of the various items of the original or basic ad valorem taxes including district levies, (b) of

the damages, (c) of the fees, and (d) of the total taxes and costs. This is necessary for the process of redemption and especially so when a person in interest redeems only a part of a sale as he may do. In this case these entries and statements were made by the tax collector in full as the law required him to do, there being five of these separate assessments to the same owner in one instance and two in the other. As pointed out in our original opinion, there is no requirement anywhere in any of these statutes that the tax collector shall show anything whatever on his list other than as above stated.

But now appellees say that the fact that the tax collector did in this respect exactly what the law required him to do, no more and no less, has caused him thereby to furnish all the evidence needed that he sold the five separately assessed contiguous parcels, although assessed to the same owner, in five sales instead of one, and likewise as to the two other separately assessed parcels—in brief, that his full compliance with the law has furnished all the evidence needed that he did not comply with it. We believe that no precedent for such an odd result can be found anything, and we adhere to our original opinion.

Suggestion of error overruled.

**Smith, C. J.,** adheres to views expressed by him in his dissenting opinion hereinbefore rendered.