WILLIAM E. STEVENSON ET AL. *v.* JOHN A. REED.

[43 South., 433.]

TAXATION.   *Tax sale.   Method.   Evidence.   Testimony of officer.   Official acts.   Code* 1892, § 3813.

Under Code 1892, § 3813, requiring country lands sold for taxes to be offered in forty acre tracts:—

(*a*)  A sale of an undivided one-half interest in an eighty acre tract is illegal, and

(*b*)  It is competent to prove how the sale was conducted by the tax collector who made it.

FROM the chancery court of Sunflower county.

HON. PERCY BELL, chancellor.

Reed, the appellee, was the complainant in the court below; Stevenson and others, the appellants, were defendants there. The object of the suit was to comfirm a tax title to lands.   It was defended on the ground that the land was not sold in forty-acre tracts as required by law (Code 1892, §.3813), and in support of this contention defendants caused the tax collector who made the sale to be introduced as a witness, who, over the objection of complainant to his competency as a witness, testified that he sold an undivided one-half interest in an eighty-acre tract at each offering, etc.   From a decree in favor of complainant the defendants appealed to the supreme court.

*Johnson & Neill,* for appellants.

The principal authority relied on for the suppression of the testimony of Miller, is what we consider an obiter in the case of *Clevenger* v. *Mixon,* 74 Miss., 74, s.c., 20 South., 148; the only sentences in the opinion which touch the question we are now discussing follow:—

"The chancellor sustained the exception of the defendants to

the answers of this witness to the fourth, fixth and sixth interrogatories. The exceptions do not appear in the record. We suppose, however, they were grounded upon the incompetency of the officer as a witness to testify so as to impeach his own official conduct, but if the testimony had been admitted, it was wholly insufficient to overthrow the *prima facie* case made by the deed."

It cannot be seriously contended that this is an authority that the officer cannot be heard to testify as to the manner in which he made the sale. So far as we have been able to find there had never been an exhaustive discussion of the point now under consideration by the supreme court of this state. In the case of *Wood* v. *American, etc., Co.,* 7 How. (Miss.), 632, one of the questions was the competency, as a witness, of a justice of the peace to give testimony to impeach a notarial record made by him. The court through Chief Justice SHARKEY says:

"A justice of the peace probably could not be allowed to falsify his own certificate, for this would be to show his own malconduct, and to deny an accredited act when he is called upon to explain the manner in which his certificate was given, the question is different."

So it seems under this authority an officer is a competent witness to explain the manner in which he discharges his official duty, though the explanation may result in invalidating the official act.

There are two cases, *Brothers* v. *Beck,* 75 Miss., 482, s.c., 22 South., 944, and *Mullins* v. *Shaw,* 77 Miss., 900, s.c., 27 South., 602, in which one of the questions was the competency of the assessor to testify that he did not return the assessment roll in the time required by law. In these cases tax titles were attacked which rested on the assessment of 1883; in both cases McCauley, the deputy assessor, who made the assessment and returned the roll, was introduced to show that the roll was not returned to the chancery clerk's office by the first Monday in

July, according to the statute.    We are not advised whether the
testimony was objected to in the first case and exception taken,
but a motion was made in the second one to suppress the deposi-
tion, and the competency of McCauley was one of the points in
the case on appeal.    The supreme court did not pass upon the
competency of this witness in either case, although it com-
mented on the testimony.

We are quite sure that the doctrine that a public officer
cannot testify to the truth when the truth invalidates his official
acts is not well founded either in reason or authoritative prece-
dent.    On this point we call the attention of the court to 1
Wigmore on Evidence, secs. 529, 530, 531.

*Chapman & Everett,* for appellee.

It is manifest that the land was assessed as the W. ½ of the
N. E. ¼ and the E. ½ of the S. E. ¼ of sec. 12, T. 18, R.
3 W., and the taxes on an undivided half interest in this land
had been paid by the rightful owner, and there was left an
undivided half interest on which the taxes had not been paid.
Section 3813 of the Code of 1892 clearly provides the manner
in which land sold for taxes must be offered for sale.    It pro-
vides that the tax collector, in selling lands for taxes, shall offer
forty acres, and, if the first parcel sold does not produce the
amount due, then he shall offer another similar subdivision.
The statute is mandatory; and a tract of land containing forty
acres or more, when sold for its taxes, cannot be legally sold
by the tax collector in less subdivisions than forty acres.    It
matters not whether land sold for taxes be a certain sixteenth of
a section which is forty acres, or, whether it be an undivided
one-half interest in a certain eighth of section, which is forty
acres.    If there be as much as forty acres in the tract to be sold,
it must be offered at one time, regardless of the value of the
property so sold or offered for sale.

The tax deed together with the "List of land sold to the state
or to individuals" is *prima facie* evidence that the sale was

valid.  See § 1806, Code 1892.  Not only is it *prima facie* evidence that all of the preliminaries necessary to its validity were done; and the presumption of a legal assessment and a legal sale is raised and stands out as truth until that presumption is overthrown by the defendant, and the burden of proof is on him. Code 1892, § 1806; *Virden* v. *Bowers,* 55 Miss., 1; *Bell* v. *Gordon,* 55 Miss., 50; *Climer* v. *Cameron,* 55 Miss., 596.

The tax collector could not legally have sold the land in question in any other manner than that in which he did sell it.  The statute does not say that enough of a piece of land shall be sold to pay the taxes due, but it says that forty acres shall be sold, and this is what the tax collector did.

The law creates a presumption that the assessment and sale were in all things regular, legal, and valid; and in order to overcome this presumption and to show that the assessment and sale were illegal and invalid the defendant must show this by competent testimony, and in order to show this he will have to show it by some other witness than the tax collector who made the sale.  *Mixon* v. *Clevenger,* 74 Miss., 67, s.c., 20 South., 148.

WHITFIELD, C. J., delivered the opinion of the court.

The taxes were shown to have been paid by satisfactory evidence.  The method of sale was illegal.  The sheriff should have sold forty acres at a time.  His testimony was simply explanatory of how the sale was conducted.  It did not fall within the rule that an officer may not impeach his official acts. See 1 Wigmore on Evidence, secs. 529, 530, 531.  See, also, *Mullins* v. *Shaw,* 77 Miss., 900, 27 South., 602, 28 South., 958; *Mixon* v. *Clevenger,* 74 Miss., 67, 20 South., 148, is no authority to the contrary.  A distinction is sought to be drawn by Chief Justice SHARKEY in *Woods* v. *American Life Insurance & Trust Co.,* 7 How., 632, where speaking of the competency of the testimony of a justice of the peace as to a notarial record made by him, he says:  "A justice of the peace prob-

ably could not be allowed to falsify his own certificate for this would be to show his own malconduct and to deny an accredited act; but, when he is only called upon to explain the manner in which his certificate is given, the question is different." That distinction, if found, would be enough, since all that the tax collector did was to explain the manner in which the sale was conducted. But it was competent on broader grounds, as clearly shown by Wigmore, *supra.*

*Reversed, and bill dismissed.*