### FAULK *v.* STATE.

[90 South. 48. No. 22199.]

CRIMINAL LAW. *Defendant, consenting to unlawful search, cannot object to introduction of evidence seized.*

In a case where a defendant is convicted of a charge of manufacturing intoxicating liquors in violation of section 18, chapter 189, Laws 1918, and there is introduced in evidence by the state over defendant's objection, the still and whisky seized by the officers in making a search of the defendant's home without a search warrant, and the defendant objects to the introduction of such still and whisky in

evidence on the ground that the officers procured possession of the same through a violation of the Fourth Amendment to the Constitution of the United States and section 23. of the Constitution of the state, guaranteeing the people security in .their persons, houses, and possessions against unreasonable search and seizure, the defendant is not in a position to invoke the principle referred to where the evidence shows that he consented that the officers make such search.

APPEAL from circuit court of Walthall county.

HON. D. M. MILLER, Judge.

Ben Faulk was convicted of manufacturing intoxicating liquors, and sentenced to the penitentiary for two years, and he appeals. Affirmed.

*J. M. Alford* and *E. J. Simmons,* for appellant.

It is submitted that section 1749, Code of 1906, as amended by chapter 115, page 116, Laws 1908, is the sole warrant and authority, in view of section 23, Constitution 1890, for the issuance of a search warrant in aid of the suppression of the crime of possessing, selling or manufacturing spirituous and intoxicating liquors. It is submitted further that the decisions of this court are in perfect harmony in holding that statutes authorizing searches and seizures, must be strictly construed and that the procedure prescribed by the statute must be strictly and literally followed. Certainly the affidavit must not only conform to the statute but must clearly and definitely, either in the words of the statute or in words of the same import, charge the offense denounced. The power is expressly limited to the things enumerated in the affidavit and the places therein described and the search must be made within a reasonable time. See *Livelar & Co.* v. *State,* 98 Miss. 330, 53 So. 681, citing 25 Am. & Eng. Enc. Law (2 Ed.), 151-152, and the court will compare the language employed in the affidavit there criticised with the language employed by the sheriff, under the authority which he claims to have been delegated to him by a justice of the peace of his county.

Again, it is perfectly plain under the decisions of our court, that the warrant must, in all essentials, conform to the affidavit which is the basis of the proceeding and it is submitted, that even a casual reading of the affidavit and warrant in the case at bar, demonstrates that the warrant as drawn, does not, in its essentials, conform to the affidavit. It is further submitted that the justice of the peace could not leave the particular district for which he was elected, go to Tylertown and there take the affidavit of the sheriff for a search warrant in skeleton form and delegate to him the power to write into this nullity, which is called a blank affidavit, the names of persons and places to be searched and the things to be seized, because the official acts of a justice of the peace must be performed in the district of his jurisdiction by himself. *Sanders* v. *Erwin,* 2 How. 732. And the judicial act of taking affidavits could not be delegated to the sheriff or any other person, nor could the sheriff, in imitation of the newly elected justice of the peace, who, lacking the requisite fee for his qualifications, stood before a looking glass and administered the oath of office to himself. Manifestly the search warrant was not supported by an oath duly administered to a credible person by an authorized officer as required by law and it certainly cannot be said, in view of the official character of the sheriff and his assistants, all of whom were armed, that appellant consented to the search. See as supporting the above statements, *Banfil* v. *Byrd,* 122 Miss. 288, 84 So. 227; *Hattiesburg* v. *Beverly,* 123 Miss. 759, 86 So. 590; *U. S. Fidelity Co.* v. *State to use, etc.,* 121 Miss. 369, 83 So. 610.

That evidence of the possession of the property seized, secured by an unconstitutional search of his premises without a search warrant, is not admissible against appellant in this case, see *Youman* v. *Commonwealth,* 224 S. W. 860, 13 A. L. R. 1303, and see *U. S.* v. *Sluser,* 270 Fed. 918; *Amos* v. *U. S.,* 41 Sup. Court Rep. 266; *Gouled* v. *U. S.,* 41 Sup. Ct. Rep. 61.

*H. Cassedy,* Special Assistant Attorney-General, for the state.

1.　The prohibition of the Fourth Amendment to the Constitution of the United States applies only to federal officers and agents. *Weeks.* v. *U. S.,* 232 U. S. 383, 58 L. Ed. 652; *National Safe Deposit Co.* v. *Stead,* 232 U. S. 58, 59 L. Ed. 504; *State* v. *Peterson* (Wyo.) 194 Pac. 342.　2.

2.　Sec. 23, Constitution of Mississippi, does not prohibit reasonable searches and seizures.　A search and seizure without warrant is not unreasonable where the consent of the owner of the premises is first obtained.　A person may waive his constitutional privilege of freedom from search and seizure without warrant.　The following is quoted from 24 R. C. L., par. 27, page 723:

"27.　*Voluntary submission to search and seizure.*—The dwelling of every person while he is in the lawful possession thereof is his castle, and it ought not to be subjected to an uninvited search, except by a duly qualified officer and then only in pursuance of a valid writ commanding it. Such searches are usually made without the consent of the occupant of a domicile, and, the investigation being a proceeding *invitum,* the statute authorizing it is to be strictly construed, and no presumptions of regularity are to be invoked in aid of the process under which a proper officer obeying its commands undertakes to justify. However, one who consents to have his property searched by an officer without a warrant has no right of action as for an illegal search.　And this consent need not be obtained from the owner of the property, as it is sufficient if it come from a member of his family or his duly authorized agent or servant in possession of the property at the time.　Thus the consent of the owner's wife to search the property of her husband waives any claim that he might have against an officer making the search without a warrant, or any informality in the complaint, writ or appointment of the supposed officer.　If officers armed with a search warrant, on presenting it at the home of one accused of crime, are invited by his mother to enter and search the premises, so

127　Miss.—57

that they do not act under the warrant, evidence obtained during the search is not illegally obtained although the act may have been a trespass as against him.　Likewise, searching the office of an accused person, with the consent and aid of his servant and agent, who was in possession, in order to obtain evidence against the accused, is not in violation of the constitutional provisions against unreasonable searches; and the taking away of an article found there, with the consent of the agent is not a seizure.

In the cases cited by appellant, there was no consent to the searches and seizures.　They were made by coercion, surreptitiously, or in the owner's absence from the premises searched.　The evidence clearly shows that the appellant freely consented to the search.　See *U. S.* v. *Borkowski* (1920), 268 Fed., 408; *U. S.* v. *Murphy,* 264 Fed. 842.

3.　Courts do not concern themselves with the method by which evidence is obtained.　Evidence which is admissible, otherwise will not be excluded because it was wrongfully obtained.　22 C. J., page 192, citing many cases; *Adams* v. *New York,* 192 U. S. 585, 48 L. Ed. 575; *Weeks* v. *U. S., supra.*

4.　No search warrant was necessary, the defendant having consented to the search, nevertheless the sheriff had a valid search warrant obtained, on proper affidavit.　See Record, pages 2, 3.　The affidavit and warrant fully conform to sections 1331, 1332, Hemingway's Code (sections 1569, 1570, Code of 1906) such affidavit may be made before any justice of the peace in the county where the property to be searched is located, and a search warrant issued thereon.　The jurisdiction of a justice of the peace, in such cases, extends to the entire county, and is not confined to his particular district.　See section 2088, Hemingway's Code (chapter 115, Laws of 1908).

It is true the affidavit is dated September 6, 1921, but this was a mere clerical error and did not invalidate the instrument.　The warrant being dated August 6, it is plain that September 6, 1920, was intended in the affidavit. Moreover, there is no good reason why the warrant should

not be issued and executed a year after affidavit is made. There is no prescribed interval between the making of the affidavit and issuance of the warrant.

ANDERSON, J., delivered the opinion of the court.

Appellant, Ben Faulk, was indicted and convicted in the circuit court of Walthall county of manufacturing intoxicating liquors, and sentenced to the penitentiary for a term of two years, from which judgment he appeals to this court.

The sheriff of Walthall county, with his deputies, searched appellant's house without a search warrant and found a still and some whisky which were by them seized, and on the trial introduced in evidence by the state over the objection of appellant.

Appellant insists that the still and whisky introduced in evidence against him were secured in violation of the Fourth Amendment to the Constitution of the United States and section 23 of the Constitution of this state, each of which in substance guarantees that the people shall be secure in their persons, houses, and possessions from unreasonable search and seizure, and that no warrant shall be issued without probable cause, supported by affidavit specially designating the place to be searched and the person or thing to be seized; and therefore he says the trial court erred in so permitting them to be used as evidence. But we find that appellant is not in a position to invoke the principle referred to (if it be sound, which is not decided), for the evidence shows that he consented that the officers make the search. Therefore in doing so the officers were not trespassers; the search was not illegal.   24 R. C. L., pp. 27 and 723.

*Affirmed.*