CLAUGHTON *v.* LEAVENWORTH.

In Banc. Dec. 13, 1948.

(37 So. (2d) 776)

Ben Stevens, L. B. Jones, and H. K. McKee for appellant.

Fleet C. Hathorn, Jr., Williams & Williams, and E. C. Fishel, for appellee.

**Griffith, C. J.**

This is the second appearance of this case, the first being reported in 197 Miss. 606, 19 So. (2d) 815, 20 So. (2d) 821. In that appeal, as seen from the opinion, it appeared that, upon the face of the record itself, there were two separate sales of continguous tracts assessed to the same owner, and, as a consequence, the sales were void

under the statutes as they existed at the time of the sales.

When the case reached the trial court on the remand, the reformed pleadings and the evidence then taken, as appears from the present record, were such as to show that the numbers 217 and 218, which appeared in the former record as indicating separate sales, were not in fact on the original list by the tax collector of the lands sold by him to the State, but that the clerk in transcribing the list upon the record book of Lands Sold to the State, added the numbers on the supposition that there were separate sales, when in fact there were no such numerals anywhere on the original list as filed by the tax collector with the clerk, and appellant, the purchaser of the tax title from the State, thereupon invoked the presumption applied in State v. Wilkinson, 197 Miss. 628, 20 So. (2d) 193, 836, that inasmuch as it was the duty of the tax collector to sell the lands in such a case as one tract in one sale, the court should hold that, under the corrected record as now shown, there was only one sale instead of two, even though the contiguous lands were separately assessed as if two separate tracts, and the record of his sales as filed by the tax collector would bear the interpretation that he made two separate sales of a contiguous tract instead of one.

To meet the presumption, appellee, the owner, introduced the deputy tax collector who actually made the sales, and his testimony was clearly and distinctly to the effect that he made two sales of the land in question instead of one, and in this he was corroborated by two tax land purchasers who attended the sale and who observed, as persons interested therein, how the sales were actually made. This testimony is undisputed by appellant, but she contends that the oral testimony mentioned in this paragraph was wholly incompetent, objections to that effect having been duly interposed at the hearing; and this forms the principal question for decision.

It is at once apparent that the list of his sales as made by the tax collector is capable of two interpretations, and this without any inconsistency as to what was shown by him on his said list. Looking to the list, it is capable of the interpretation that he made two sales of this land, and it was so considered by the clerk, as already mentioned. On the other hand, it is equally capable of the interpretation that the collector made only one sale of the contiguous lands, as we held in the Wilkinson case, supra.

Appellee cites and relies on Stevenson v. Reed, 90 Miss. 341, 43 So. 433, wherein it was held that so long as his testimony is consistent with, and not in contradiction of, the official record, the tax collector may state as a witness how the sale was made, although the effect of such testimony is to invalidate the sale. Appellant says in reply that the cited case has been overruled sub silentio through the long period of time during which no attention has been paid to it and that it ought to be now expressly overruled, this, as she says, because to allow the tax collector to testify to invalidate the sale would be in contravention of his official certificate that he made the sale ''pursuant to the requirements of law.''

We do not find it necessary to decide the particular point last mentioned, and therefore pretermit it, the proof being sufficient in our opinion to sustain the decree, laying aside the testimony of the tax collector and looking only to the testimony of the two private citizens who were in attendance upon the sales as bidders thereat and whose attention was particularly drawn to the manner in which the sales were conducted—how the sales were made. It is true that they did not observe, or else did not recall, how the sale or sales was or were made of the particular tract of land here involved, but they did observe and distinctly recall the course of conduct pursued throughout the day of the sales and that this was to make a separate sale under and according to each separate assessment,—and this land was separately assessed for that separate portion in each section,

as we have already indicated. When on any serious occasion a uniform method of conduct is shown to have been openly and publicly pursued, it is a reasonable inference, sufficient to support the affirmative of the issue, that as a probability in regard to a particular event in the course thereof, the same method was pursued. This principle is sufficiently illustrated by the text, and the cases cited thereunder, in 32 C. J. S., Evidence, Sec. 581, page 437.

 Here the record of these sales presents what is sometimes called in the books a self-contained latent ambiguity, 4 Jones Com. Ev. p. 2826, a doctrine which is recognized as a part of the jurisprudence of this State as seen in Schlottman v. Hoffman, 73 Miss. 188, 18 So. 893, 55 Am. St. Rep. 527, wherein it was held that an ambiguity such as we here have under consideration is to be assigned to an intermediate class partaking of the nature of both patent and latent ambiguities, and that as to the admissibility of parol evidence, such a case is to be considered as belonging to the class of latent ambiguities wherein such evidence is admissible. (Hn 2) The testimony of the two private persons who were bidders at the sale was admissible, therefore, and as already stated, was sufficient to sustain the finding of the chancellor that two sales of this land were made, which rendered the sale invalid.

We have carefully examined the other contentions made by appellant but find therein no ground for a reversal.

Affirmed.