TALIAFERRO, Judge.
In this suit plaintiff seeks, insofar as concerns his interest, to have annulled what purports to be a sale by his father and mother, J. N. Brady and wife, to his biother, W. R. Brady, of the West One-Half of the Southeast Quarter, Section 2, Township 15 N. Range 1 E. in Jackson Parish.
Plaintiff charges that the said purported sale was executed without price or consideration and with the specific intent on the part of the parties thereto to defraud him and the “other co-owners and to deprive them of their rights as an heir, and that same was in reality a transfer or donation in disguise”, etc.; and this, too, notwithstanding the instrument recites a price of $400 cash paid by the grantee.
In limine litis defendant filed a plea of prescription of thirty (30) years, following which answer was filed, in which was incorporated alternatively a plea of prescription of 10 years. Defendant denies the allegations relied upon by plaintiff for recovery, and affirms the validity of the attacked instrument, which, he avers, was executed and delivered for the price therein expressed.
*288 He prays firstly that the plea of prescription of 30 years be sustained; that his ownership of the embattled land be recognized and his possession be quieted; and, alternatively, that the plea of prescription of 10 years be sustained upon, the basis of possession for 10 years in good faith, under title translative of property.
The case was tried on January 9, 1951, and argument of counsel had on February 16, 1951. On that date defendant tendered for filing amplification of the plea of prescription of thirty (30) years theretofore filed, and also a plea of prescription of five (5) years, provided by Article 3542 of the Civil Code, relative to actions having for their purpose the rescission or nullity of contracts. Objection was made to the filing of these pleas on the ground that as the case had been tried and submitted for decision, they came too late. The objection was overruled. There was judgment for defendant, but as no written reasons were given, and nothing was said concerning the exceptions, we must assume that defendant won on the merits. Plaintiff appealed.
The ruling of the court on the exceptions is clearly correct. Prescription may be pleaded in, every stage of the suit, even on appeal, under fixed conditions, prior to final judgment. Civil Code Articles 3462 and 3465.
J. W. Brady, while married to Sarah E. Brady, nee Kilpatrick, acquired the SE]4 of Section 2, Township 15 North, Range 1 East, in Jackson Parish, and they resided on the W% of the tract until their respective deaths, he on December 23, 1917, and she in 1922. They were survived by three children, to-wit: Tobe Brady, plaintiff, W. R. Brady, defendant, and Mrs. Atha Horton.
On December 25, 1913, the parents executed unto W. R. Brady what purports to be a sale of the East One-Half of the Southeast One-Quarter, Section 2, Township 15 North, Range 1 East, wherein the price is stated to be one dollar cash.
Plaintiff alleges that this instrument is also a fraudulent simulation; but as the property by conveyance of W. R. Brady, has gone into the hands of innocent third persons, no effort was being made to have annulled and set aside the conveyance thereof to him.
On December 3, 1917, by notarial act, J. W. Brady and wife executed to W. R. Brady the instrument under attack.
W. R. Brad)'- sold the land involved herein to G. W. Crosby on October 14, 1929, for a price of $700, part cash and part on terms, and Crosby reconveyed the land to W. R. Brady on April 18,1932 for $750 cash. This deed is under private signature, one of the attesting witnesses thereto being-plaintiff herein, who subscribed to1 the customary affidavit in order to procure registry of the act by the clerk and recorder.
On May 12, 1939, Atha Horton, the sister, executed to W. R. Brady a quit-claim deed to her interest in the land, wherein she declared “that the said J. N. Brady in selling the aforesaid property to W. R. Brady received full and adequate consideration therefor, which is sufficient consideration for the execution of this quit-claim.” She further declared that she has no interest in the property and does not claim to have any. However, it is also stated in the instrument that the consideration thereof is $100 cash paid.
Actions of the character of this one are authorized by Civil 'Code, Article 2239, which, in part, reads: “but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate (legitime).”
Plaintiff testified he was present when his parents signed the last deed to W. R. Brady, the defendant, but he did not sign this deed as a witness. One of the attesting witnesses was J. F. Waggoner. He wa.s called as a witness by plaintiff. What he had to say as to the execution of the deed and the payment of the price affords little comfort to plaintiff. He testified that at the time J. N. Brady was sick in bed, hence signed by mark, and that defendant produced $400 and paid it to his father, but he did not know from whence it came. He was certain, however, that defendant had at times sold timber from other lands.
*289 Plaintiff in his own behalf, testifying about the execution of the deed, was asked: “Did you see the money pass?”, to which he answered: “Yes, I seen (sic) money pass.” He also testified:
“Q. Will you explain to the Court about the money? A. He went bade. Where he got it I don’t know. He counted out $400.00 and mother told him to put Nick’s money back under the bed.”
Appellant deduces from this testimony that the money belonged to J. N. (Nick) Brady, and that W. R. Brady got it from under the mattress.
Of course, what Mrs. Brady said, if anything, at the time, was purely hearsay as regards the issues in this case; but, granting its admissibility, it proves nothing. She could have had reference to the $400, which, after signing of deed, belonged to J. N. Brady, and that she wanted it put “back” under the bed where, likely, he kept his cash money.
W. R. Brady testified that the $400 he produced and delivered to his father when, the deed was signed, belonged to him; that he got it from the room in the family house occupied by him. He said part of the money was acquired from sale of timber from the first 80 acres conveyed to him by his father and mother in 1913, and the balance was otherwise acquired. He is positive that his brother, the plaintiff, was not present when, this deed was signed.
It appears that defendant lived with his parents ’in the year 1913, and continued to live with them until they died. He has continuously lived on the W% of the SE^ of Section 2, since their deaths. During this time, for nearly three (3) years the title stood in the name of G. W. Crosby.
The record makes it clear that the real consideration for the deed from J. N. Brady and wife to W. R. Brady of the E% of the SE)4, Section 2, in 1913, was the obligation and agreement on his part to support, take care of and otherwise look after their welfare for the remainder of the parents’ lives. This same motive may have had some influence in the execution of the other deed to defendant by his parents, in addition to the $400 described above. Such arrangements between aged parents and one or more of their children are not uncommon.
It is passing strange that plaintiff waited over 27 years after his mother’s death before assailing the deed of his parents to defendant; and he says he was present when it was signed and saw the price paid in cash. Explaining this most unusual delay, he testified: “I thought I could get my property any time.” Possibly rise in values, due to economic conditions, played some part.
“Fraud, like every other allegation, must be proved by him who alleges it”. Civil Code Article 1848. It is never presumed. Plaintiff has failed to meet the requirements of this fundamental rule of evidence.
The record abundantly sustains defendant’s contention, and the judgment of the Lower Court. It is not necessary, therefore, to pass upon the pleas of prescription.
Therefore, for the reasons herein assigned, the judgment from which appealed, is affirmed, and, accordingly, defendant, W. R. Brady, is recognized and decreed to be the bona fide owner of the W% of SEi/4, Section 2, Township 15 N., Range 1 East, in Jackson Parish, Louisiana,
Plaintiff is cast for all costs.