EVERETT *v.* STATE

No. 40685          February 24, 1958          100 So. 2d 583

*Hill Jarrett,* Batesville, for appellant.

*G. Garland Lyell, Asst. Atty. Gen.*, Jackson, for appellee.

McGEHEE, C. J.

This is a suit wherein a temporary injunction was made permanent against the appellant W. Neel Everett, wherein he was enjoined against "having any intoxicating liquors on his premises or having intoxicating liquor in his possession anywhere in Panola County, Mississippi * * *", or anywhere else in the State of Mississippi, and he has prosecuted this appeal on the ground that the decree was against the overwhelming weight of the evidence as to whether or not the premises, specifically described in the petition for injunction, and on which the appellant was operating a grocery business, constituted a public nuisance within the meaning of Section 2646, Code of 1942, and because of the admission of evidence with reference to alleged violations of the prohibition laws which occurred off the premises described in the bill for the injunction, and a reversal of the case is sought on the further ground that under the case of Warren v. State, 231 Miss. 343, 95 So. 2d 237, the court was without the authority to enjoin the violation of the liquor laws elsewhere in the State than on the premises described in the petition for injunction.

The bill for injunction filed on the 17th day of January 1957 alleged that the appellant on November 16, 1953, entered a plea of guilty to the illegal possession of intoxicating liquor and paid a fine therefor. The proof disclosed that this offense which occurred more than four years prior to the filing of the bill for injunction was for the possession of intoxicating liquors in an automobile off the premises in question.

There was testimony of other alleged instances thereafter of intoxicating liquors being possessed or sold off

such premises. This testimony was objected to and should have been excluded as incompetent.

■ ■ Moreover, in no event should the injunction have undertaken to prohibit the possession or sale of intoxicating liquors at places other than on the premises which were abated as a nuisance. Warren v. State, supra.

■ ■ The proof disclosed that prior to the filing of the bill for the injunction the place where the appellant conducted his grocery business had been raided by the officers as many as thirty times, if not as many as sixty times, and that the only instances of the finding of intoxicating liquor on the premises shown by the proof were that on one occasion the officers found one can of beer in the appellant's icebox, and on another occasion they claimed to have found two pints of whiskey in a coat pocket, and that the coat either belonged to the appellant or to another person who lived on the premises in question. However, one of the officers testified that on later investigation that the appellant admitted that the coat and the whiskey belonged to him. Another officer testified that they found "the remains of some whiskey."

It may be that from the facts and circumstances testified to by the State's witnesses, the appellant may have been actually maintaining a common nuisance at his place of business, but on the proof contained in this record we are of the opinion that this finding was not supported by the weight of the competent evidence.

Moreover the charges filed against the appellant for his alleged violation of the intoxicating liquor laws have not been tried and are still pending in the criminal courts, except as to the offense to which he entered a plea of guilty on November 16, 1953. The cases have been continued at the instance of the State pending the disposition of this suit for an injunction.

At any rate the case must be reversed and remanded for a new trial because of the admission of the incompetent testimony hereinbefore mentioned, and for the fur-

ther reason that in any event the injunction must be limited to the premises described in the bill therefor.

Reversed and remanded.

*Hall, Lee, Holmes* and *Ethridge, JJ.,* concur.