JENKINS *v.* STATE EX REL. N. S. SWEAT, JR.,
DIST. ATTY., et al.

No. 42035          January 22, 1962          136 So. 2d 580

*B. T. Mitchell,* Tupelo; *Hugh N. Clayton,* New Albany, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McELROY, J.

■■ ■ Petition was filed in the Chancery Court of Lee County, Mississippi, under Section 2646, Miss. Code 1942, Recompiled, seeking to establish unlawful possession and sale of whiskey on the premises of appellant, described in the petition to be declared a nuisance and enjoining him from the further violation of the prohibition laws. A temporary injunction was granted, and on final hearing on a motion to dissolve the injunction it was made permanent.

In a companion case, No. 42,036, Earnest Jenkins v. State of Mississippi, recently decided by this Court, an information styled petition to cite for contempt was filed by the district attorney and county attorney in the Chancery Court of Lee County, based upon an affidavit of the county attorney. The facts in this case are very similar to the contempt case, and reference is made to that case. The Court held ''We are of the opinion that the state did not establish the charge of contempt against appellant, wherein it is sought to show that he sold intoxicating liquor, or sold it through an employee or agent, on the property described. Moreover, insofar as the sale of beer is concerned, there is no evidence in the record that it is unlawful to sell beer in Lee County.'' The case was reversed and defendant discharged.

The facts in this case are that in September 1958 appellant and wife acquired a one-acre tract of land on a county road north of Tupelo, Mississippi, abutting a part of the Natchez Trace. In July 1960, a deed was executed by appellant and wife to one Jim Henderson covering 70 feet off the south side of this property. The description of the land, which is a pertinent fact in this suit, is not in controversy in view of the fact that the deed to appellant and wife and the deed from ap-

pellant and wife to Henderson were introduced in evidence by agreement, and a detailed plat of survey was put in evidence by appellant showing the exact lay of the land, the location of all improvements thereon, including houses, out-buildings, driveways, fences, trees, etc., nor is it controverted that appellant lives on the property described in the petition, but not on the 70-foot strip conveyed to Henderson; nor is it controverted that whiskey was purchased by the prosecuting witness, the county attorney of Lee County, Mississippi, from the described premises, being delivered to him from a shack located on the 70-foot strip belonging to Jim Henderson.

The appellant assigns as error that the lower court permitted the county attorney to testify over his objection; and that it erred in making the injunction permanent since the evidence was insufficient to justify the injunction. Petition for the injunction was filed by the district attorney, but for some reason the record is silent as to his participation in the trial. The case was prosecuted exclusively by the county attorney. Using the testimony of the county attorney as a basis, he then in a second role as attorney for the State, over objection of appellant, testified that he purchased a pint of intoxicating liquor from a Negro that came from a shack on the 70 feet of land owned by Jim Henderson. At a later date, the county attorney, with the deputy sheriff, went back to the premises to identify the colored boy from whom he made the purchase. He was located at the same shack on the 70 feet of ground in question owned by Jim Henderson. The appellant was standing in the door drinking a can of beer. The record does not show that the possession of beer is illegal in Lee County. The record also fails to show that anyone was convicted of selling whiskey or possessing beer.

An analysis of the evidence for the State indicates that the county attorney testified only to the fact that

when he purchased the Old Crow whiskey on November 11, 1960, he saw Earnest Jenkins standing in the doorway of the shack in the southeast corner of Jim Henderson's land. He did not testify as to any overt act on the part of Earnest Jenkins, did not establish any relationship between Earnest Jenkins and the Negro who sold the liquor, nor did he establish the ownership or control of the property from which the purchase was made.

The county attorney assumed the initiative and advocate of the witness, and the record shows that he filled both roles with vigor and zeal. The appellant objected to his testimony because he was acting as attorney for the State, but the objection was overruled by the learned chancellor.

██ █ It is our opinion that to permit the county attorney to act as advocate for the State and testify as a prosecuting witness constitutes reversible error. The leading case on this subject is Adams v. State, 202 Miss. 68, 30 So. 2d 593. In that case the district attorney accompanied a deputy sheriff in making a raid for liquor just as Mr. Rankin accompanied Deputy Sheriff Mitchell Moore on the night of November 11, 1960. Objection was made to the testimony of the district attorney but the objection was overruled, and such action was assigned as error. In that case this Court held:

"Certainly, 'The prosecuting attorney should exercise diligence in prosecuting for criminal offenses, and where he is informed that a crime has been committed, but no complaint has been made, it is his duty to inquire into the facts, but he is not required to assume the functions of a detective and undertake personally to discover the circumstances of the alleged offense. * * * He cannot control the action of the sheriff or marshal in the execution of warrants. * * * In conducting a criminal case, the prosecuting attorney must be fair and impartial, *and see that defendant is not deprived of any constitutional or statutory right.*' Section 42C, 18 C. J.

1314; 27 C. J. S., District and Prosecuting Attorneys, Sec. 14. (Italics ours.) In this connection, the authorities agree that the district attorney is a quasijudicial officer. Appeal of Nicely, et al., 130 Pa. 261, 18 A. 737. In discussing this phase of the prosecuting attorney's duties, the Supreme Court of Oregon held that it is as much the duty of prosecuting attorneys to see that a person on trial is not deprived of any of his constitutional or statutory rights as it is to prosecute him for the crime with which he is being charged. State v. Osborne, 54 Or. 289, 103 P. 62, 20 Ann. Cas. 627.

"The very nature of his functions as a prosecutor necessiates that the district attorney be a partisan in the case. Zeal in the prosecution of criminal cases is a praiseworthy and commendable trait in such an officer, and not to be condemned by anyone. A fearless and earnest prosecuting attorney, within the limitations upon his powers and prerogatives, is a bulwark to the peace, safety and happiness of the people. 'If convinced of the defendant's guilt, he should, in an honorable way, use every power that he has to secure his conviction. At the same time, it is the duty of the prosecuting attorney, who represents all the people and has no responsibility except fairly to discharge his duty, to hold himself under proper restraint and avoid violent partisanship, partiality, and misconduct which may tend to deprive the defendant of the fair trial to which he is entitled, * * * It is the duty of the prosecutor to see that nothing but competent evidence is submitted to the jury; * * *.' 42 Am. Jur., Sec. 20, p. 255.

"Section 23, a part of the Bill of Rights, Constitution 1890, directs that 'The people shall be secure in their persons, houses, and possessions, from unreasonable seizure or search; * * *.' Violation of this constitutional guaranty by an unreasonable search is tantamount to compelling defendant to testify against himself. Fulton v. Philadelphia, 168 Miss. 30, 148 So. 346. But this

section is not violated where the home and premises of a defendant were searched by his consent. Faulk v. State, 127 Miss. 894, 90 So. 481. Although a waiver of its protection is not created by the defendant neither objecting nor consenting .to the search. Boyd v. State, 164 Miss. 610, 145 So. 618. The appellant here never consented to the search. In fact, she assaulted the district attorney in resisting it. In dealing with such searches, we must bear in mind that provisions for search and seizure are construed strictly against the State. Elardo v. State, 164 Miss. 628, 145 So. 615. The statutes involved are Sections 2613, 2614, 2615, 2616, Code 1942.

* * *

"A district attorney, while justified in zealous partisanship in the discharge of his duties as a prosecutor, must be fair and impartial too in all of his official actions. The United States Supreme Court had this to say on the subject: 'The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor — indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.' Berger v. United States, 295 U. S. 78, 55 S. Ct. 629, 633, 79 L. Ed. 1314. The manifest fact that appellant was guilty, if we abuse our prerogative and consider the incompetent evidence, cannot be the final test here. We do not, indeed, have any more right to consider the evidence to determine her guilt

or innocence here, than did the jury in the trial court. Her conviction was wrongful in view of the illegal means employed to produce it, even though the commendable purpose of the district attorney was patently an honest desire zealously to enforce the law against a flagrant offender, to his great credit, personally, be it said. * * *

"We are of the opinion, therefore, that here, with the highest motives, the district attorney, by his over-zealous conduct, violated prejudicially his duty to be fair and impartial, and that the objection of appellant to his testifying, and to his evidence should have been sustained. It was not necessary, if the search had been a legal one, because the deputy was present and saw the same intoxicating liquors, which the district attorney had already seen.

"As to the eligibility of a district attorney to be a witness for the State, in a case he is prosecuting, the general rule is that 'Although a prosecuting attorney is competent to testify, his testifying is not approved by the courts except where it is made necessary by the circumstances of the case, and, if he knows before the trial that he will be a necessary witness, he should withdraw and have other counsel prosecute the case. The propriety of allowing the prosecutor to testify is a matter largely within the trial court's discretion.' 70 C. J. 183, Section 247. We have a statute, Section 3924, Code 1942, dealing, as stated supra, with pro tempore appointments of district attorneys, when the duly commissioned incumbent is absent or disqualified. It provides that 'the court shall forthwith appoint some attorney at law to act for the state in the place of the district attorney during his absence or inability or disqualification, * * *.' We repeat that we think that the trial court was in error when the district attorney was permitted to testify over objection of appellant, under the circumstances, where he was also acting as the prosecutor in the case.

"Similar issues were before the Court in State v. Nicholson, Mo. App., 7 S. W. 2d 375, from which we quote the sixth, seventh and ninth syllabi: '6. Duty of prosecuting attorney is not that of a partisan advocate, but to treat defendant fairly under all circumstances and conduct trial so as to leave no room for criticism of method used to secure conviction. 7. Prosecuting attorney should not accompany sheriff when serving search warrant, *in absence of peculiar circumstances making it necessary.* * * * 9. In trial for possessing intoxicating liquor, court did not err in permitting prosecuting attorney to testify as to what transpired at defendant's home when deputy sheriff, accompanied by prosecutor, *served* search warrant.' (Italics supplied.)

"In its opinion, the Missouri Court, supra, had this to say: 'It shows, however, a personal interest on his part in that particular case because he had voluntarily accompanied the deputy sheriff to assist in making a search for intoxicating liquor when, as far as this record shows, there was no necessity for his doing so.' 7 S. W. 2d at page 378. It was directed that the 'judgment will be reversed, and the cause remanded, and, if the case is retried, the prosecuting attorney should be disqualified. * * *.' "

This Court reversed the lower court's decision and discharged Adams. This case was followed by the cases of Turner v. State, 212 Miss. 590, 55 So. 2d 288; Tubb v. State, 217 Miss. 741, 64 So. 2d 911; and Mills v. State, 231 Miss. 687, 97 So. 2d 517.

In our opinion the evidence in this case was insufficient to justify a permanent injunction.

In a recent case, Everett v. State, 232 Miss. 816, 100 So. 2d 583, in which this Court held that the evidence was insufficient for the granting of an injunction against the sale of intoxicating liquor, the opinion states as follows:

"The proof disclosed that prior to the filing of the bill for the injunction the place where the appellant conducted his grocery business had been raided by the officers as many as thirty times, if not as many as sixty times, and that the only instances of the finding of intoxicating liquor on the premises shown by the proof were that on one occasion the officers found one can of beer in the appellant's ice-box, and on another occasion they claimed to have found two pints of whiskey in a coat pocket, and that the coat either belonged to the appellant or to another person who lived on the premises in question. However, one of the officers testified that on later investigation that the appellant admitted that the coat and the whiskey belonged to him. Another officer testified that they found 'the remains of some whiskey.'

"It may be that from the facts and circumstances testified to by the State's witnesses, the appellant may have been actually maintaining a common nuisance at his place of business, but on the proof contained in this record we are of the opinion that this finding was not supported by the weight of the competent evidence.

"Moreover the charges filed against the appallant for his alleged violation of the intoxicating liquor laws have not been tried and are still pending in the criminal courts, except as to the offense to which he entered a plea of guilty on November 16, 1953. The cases have been continued at the instance of the State pending the disposition of this suit for an injunction."

As this Court held in the case of Everett v. State, supra, from the facts and circumstances testified to by the State's witness, which was improper, it is conceivable that the appellant in this case could have been maintaining a common nuisance at his place of business, but the record fails to prove that fact, and together with the fact that the deputy sheriff did not testify as to the sale of the whiskey, we are of the opinion that this find-

ing of the lower court was not supported by competent evidence showing that defendant had been convicted of selling and possessing intoxicating liquor on the premises in question. The case is therefore reversed and judgment entered here dissolving the injunction.

Reversed and injunction dissolved.

*Lee, P. J.,* and *Arrington, Rodgers* and *Jones, JJ.,* concur.