GILLESPIE, Presiding Justice:
Plato Touliatos, complainant, filed a bill of complaint against Paul L. Parker, defendant, to cancel and remove as a cloud upon his title a tax sale made by the City Tax Collector of the City of Oxford for delinquent Municipal Separate School taxes. The tract of land consists of sixty contiguous acres. The chancellor granted the prayer of the bill of complaint and cancelled the tax sale on the ground that the sixty acres of land was described on one line on the tax rolls and the tax collector failed to offer the land in forty acre or smaller separately described subdivisions as required by Mississippi Code 1942 Annotated, Section 9923 (Supp.1968). See State v. Wilkinson, 197 Miss. 628, 20 So.2d 193 (1944). Defendant appealed to this Court.
The testimony upon which the chancellor based his finding that the tax sale was void was that of the Tax Collector of the City of Oxford. The tax sale in question was made September 18, 1967, for delinquent 1966 taxes. The tax collector testified that he made the tax sales for the City of Oxford for the years 1963 through 1969 and that he had never offered land in forty acre or smaller subdivisions and did not know that the law required that tax sales be made in that manner. He also testified that he did not read off the sales at the September 18, 1967, sale as written on the assessment rolls. He said that when he undertook to make the sale on that day he took the list of lands to be offered for sale to where the sale was to be made and defendant was the only bidder, and defendant stated that he would buy all the real property on which taxes had not been paid. Defendant then gave the tax collector a signed blank check which the tax collector filled in for the total of the tax sales of all real property on the list to be sold. The certificate of the tax collector to the List of Lands Sold to Individuals concludes with the statement that the sale was made “according to law”.
*8 The question is whether the testimony of the tax collector was admissible. The testimony of the tax collector did not contradict any fact recited on the record of the tax sale. His testimony merely explained how the sale was conducted. It did not fall within the rule that an officer may not impeach his official acts, although his testimony invalidated the sale. Stevenson v. Reed, 90 Miss. 341, 43 So. 433 (1907). The recitation in the tax collector’s certificate to the list of land sold for taxes that he sold the lands “according to law” raised a presumption that he performed his duty as required by law, but this presumption may be rebutted by evidence on the face of the list or other proof. State v. Wilkinson, 197 Miss. 628, 20 So.2d 193 (1944). And in Claughton v. Leavenworth, 204 Miss. 595, 37 So.2d 776 (1948), the oral testimony of two private persons who were bidders at a tax sale was admitted to explain what took place at the tax sale, and this testimony was held sufficient to rebut the presumption that the sale was conducted as required by statute.
We are therefore of the opinion that the chancellor properly admitted the testimony of the tax collector. No other question in the case requires discussion, and the decree should be affirmed.
Affirmed.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.