COFER, Justice:
This case has been brought here on appeal from the action of the Chancery Court of Copiah County in overruling special demurrer. Appellee Jack T. Currie brought suit to cancel as a cloud on his title a sale to the State in 1948 for 1947 taxes of minerals. The suit is against the State of Mississippi and Edwin Lloyd Pittman, Secretary of State, to whom the legislature had placed the responsibility for handling public lands. Mississippi Code 1972 Annotated, section 7-11-2 (Supp.1980). (It had been by amendment, brought against John Ed Ainsworth, State Land Commissioner.)
Appellee, in his bill of complaint, alleged his present ownership of one-half of the oil, gas and other minerals under the west half of the southwest quarter of Section 21, Township 1 North, Range 3 West. He set forth the facts, as he alleged them to be, of the 1948 tax sale, and asserted the sale’s invalidity because the sale took place without the tax collector’s having first offered the property in forty-acre tracts as required by Mississippi Code 1942 Annotated, section 9923, now Mississippi Code 1972 Annotated, section 27 — 41-59 (1972). He further alleged an earlier conveyance of the oil, gas and minerals from the land, and that the state had never been in possession of the property the subject of the sale and of the suit, and that he, the complainant-appellee, and his predecessors in title had been in possession thereof at all relevant times.
The defendants-appellants filed general demurrer and special demurrers which were all overruled. One of the special demurrers was that the limitations contained in Mississippi Code Annotated, sections 15-1-7, 15-1-9, and 15-1-17 (1972), barred the action. Addressing ourselves only to the error asserted, we are of the opinion that the demurrer was properly overruled, and we affirm the chancellor’s overruling it.
It is of elementary knowledge that a demurrer, for its purposes, admits all facts well pleaded in the bill of complaint. Griffith, Mississippi Chancery Practice, § 288, p. 271 (2d ed. 1950). Manner of the sale is a material inquiry here, and the allegation in the bill of complaint that the property was not first offered in forty-acre segments, is a material fact, is well pleaded, and is admitted by the demurrer.
It is further alleged in the bill of complaint that the tax sale purchaser, the state, has not been in possession of the property since the tax sale.
The tax sale was void, not simply voidable. Parker v. Touliatos, 244 So.2d 7 (Miss.1971); Jones v. Seward, 194 Miss. 763, 12 So.2d 132 (1943); Nelson v. Abernethy, 74 Miss. 164, 21 So. 150 (1896). See also Stevenson v. Reed, 90 Miss. 341, 43 So. 433 (1907).
*656 Therefore, possession was necessary in order to start any of these three statutes into operation. Leavenworth v. Claughton, 197 Miss. 606, 19 So.2d 815 (1944), under which decision possession remained in the owner as against an invalid tax sale claimant. In this case of a void tax sale, the state cannot claim constructive possession of the land, no actual possession having been undertaken by it. Under the Leavenworth case, supra, nothing short of invasion by the state and ouster of the owners would suffice. Dent v. Calhoun, 326 So.2d 320 (Miss.1976); Turner Lumber Co. v. Beckham, 277 So.2d 110 (Miss.1973); Leech v. Masonite Corporation, 219 Miss. 176, 68 So.2d 297 (1953); and Smith v. Myrick, 201 Miss. 647, 29 So.2d 924 (1947).
Since the void tax sale did not convey to the state constructive possession of the property there sold, the attempted conveyance under it constitutes a cloud upon the title, assuming that, on a trial, the complainant proves his case. Upon the record here he has shown a prima facie case for relief.
AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT HEREWITH.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.