414 So.2d 423 (1982)
Edwin Lloyd PITTMAN, Secretary of State and Land Commissioner, State of Mississippi
v.
Jack T. CURRIE.
No. 53235.
Supreme Court of Mississippi.
May 26, 1982.
*424 Bill Allain, Atty. Gen. by William Mack Cameron, Sp. Asst. Atty. Gen., Jackson, for appellant.
Armstrong & Hoffman, John T. Armstrong, Jr., Hazlehurst, W. Roger Jones, Jr., Jackson, for appellee.
Before PATTERSON, C.J., and BROOM and DARDEN, JJ.
BROOM, Justice, for the Court:
Tax sale validity is the chief issue of this case tried in the Chancery Court of Copiah County, Judge Mike Carr presiding. Appellee Jack Currie sued to confirm his title to an undivided 1/2 mineral interest in 80 acres. He sought cancellation of a 1948 tax sale to the state on the basis that the tax sale was void because the land was not sold in 40-acre tracts. The lower court upheld Currie's contention and the state appeals. We affirm.
On appeal, appellant Edwin Lloyd Pittman, Secretary of State, (the state herein), contends that the lower court committed reversible error in (1) allowing attorney John Armstrong to testify in violation of Canon 5 of the Code of Professional Responsibility; (2) allowing the law firm of Armstrong and Hoffman to represent Currie in violation of Canon 5 of the Code of Professional Responsibility; (3) ruling that appellee met the burden of proof required to overcome the presumption that the tax collector performed his duty as required by law; (4) allowing Carroll Kemp to testify that he conducted the tax sale; and (5) ruling that the two-year statute of limitations set out in Mississippi Code Annotated § 15-1-17 (1972) did not bar appellee Currie's suit.
In 1980 this case came before us on the state's demurrer to the appellee Currie's plea that the tax sale was void. Pittman v. Currie, 391 So.2d 654 (Miss. 1980). We held that the chancellor correctly overruled the state's demurrer. Our opinion, authored by Justice Cofer, stated that the 1948 sale was invalid because the property had not first been offered in the statutorily required 40-acre tracts, and thereafter the state had *425 never been in possession of the property. According to our opinion, inasmuch as the void tax sale did not convey to the state constructive possession of the property, the attempted conveyance to the state constituted a cloud on appellee's title which should be canceled "assuming that, on a trial, the complainant [Currie] proves his case." Accordingly, we remanded the case for trial and now it is here after trial on the merits.
The facts are stated as follows: In 1944 Belle D. McLehaney conveyed an undivided 1/2 interest in all oil, gas and minerals in an 80-acre tract of land in Copiah County to J.F. Currie. On September 20, 1948, the interest was sold to the state for delinquent taxes in the total sum of $2.18 for the year 1947. Since that time the state has not exercised any control or possession of the interest, and has done nothing to invade or disturb the interest.
Most of the trial testimony relates to particulars of this 1948 sale. Amazingly, appellee Currie was able to call three of the participants in the sale to testify  all three were Hazlehurst attorneys: Carroll Kemp, Sr., Lena Zama, and John T. Armstrong. Kemp testified that at the sheriff's request he conducted the 1948 sale, which he often did, and received a car tag for his services. Attorneys Zama and Armstrong both testified that they were present at the sale. Armstrong's law firm, Armstrong and Hoffman, is one of the firms representing appellee Currie. Prior to Armstrong's testimony the state objected, saying his testimony would violate Canon 5 of the Code of Professional Responsibility which prohibits an attorney from testifying except in certain circumstances. The trial court, ruling that Canon 5 is not a rule of evidence but a standard of professional conduct, allowed Armstrong to testify.
All three attorneys testified that the mineral interest was not bid in 40-acre tracts as required by Mississippi Code Annotated § 27-41-59 (1972). Incredibly all three attorneys testified that land at tax sales in Copiah County was never sold in 40-acre tracts as required by law.
Monroe James, a forester who managed the 80 acres for the McLehaneys, said he had never seen anyone other than the McLehaney family on the land and had never seen any evidence of oil or gas drilling.
In 1961 J.F. Currie conveyed the subject interest to appellee Jack Currie. In February of 1974 appellee Currie made application to redeem the interest (from the 1948 tax sale) after certifying that he had paid $135.13 in back taxes. After Currie paid the back taxes, the chancery clerk purportedly released the land, but the state failed to recognize the cancellation.
No witnesses were called by the state, and the chancellor noted the sole issue was whether the 1948 tax sale was void. He stated that even though the testimony required the witnesses to recall events which occurred some 32 1/2 years earlier, such testimony was not unreasonable considering the status of the witnesses as prominent, long-time Copiah County residents. The chancellor noted that their testimony was uncontradicted and conclusively showed that the land was not offered in 40-acre tracts. Therefore he held that the sale was void and ruled that the state's claim should be canceled. From this ruling the state has appealed.
First, the state argues that the trial court erred in allowing attorney Armstrong to testify because his testimony violated Canon 5 of the Code of Professional Responsibility which prohibits attorneys who are employed in a case from acting as a witness except in certain circumstances. Armstrong's firm, Armstrong and Hoffman, was one of the firms representing appellee Currie.
Noting appellant's (the state's) objection at trial, the chancellor stated that this Canon was not a rule of evidence but a standard of professional conduct. After calling the Canon to Armstrong's attention, the chancellor noted that the attorney's testimony would be cumulative; then he let Armstrong testify.
*426 Canon 5 of the Mississippi Code of Professional Responsibility provides, "A lawyer should exercise independent professional judgment on behalf of a client." Ethical Consideration 5-9 explains the ethical conflict which may arise when a lawyer is called on to be a witness.
If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent: the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.
Ethical Consideration 5-10 further expounds on the issue:
It is not objectionable for a lawyer who is a potential witness to be an advocate if it is unlikely that he will be called as a witness because his testimony would be merely cumulative or if his testimony will relate only to an uncontested issue. In the exceptional situation where it will be manifestly unfair to the client for the lawyer to refuse employment or to withdraw when he will likely be a witness on a contested issue, he may serve as advocate even though he may be a witness. In making such decision, he should determine the personal or financial sacrifice of the client that may result from his refusal of employment or withdrawal therefrom, the materiality of his testimony, and the effectiveness of his representation in view of his personal involvement. In weighing these factors, it should be clear that refusal or withdrawal will impose an unreasonable hardship upon the client before the lawyer accepts or continues the employment. Where the question arises, doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate.
The prohibition against attorneys testifying is brought forward in Disciplinary Rules 5-101(B) and 5-102.
Disciplinary Rule 5-101(B) states:
[B] A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
[1] If the testimony will relate solely to an uncontested matter.
[2] If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
[3] If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.
[4] As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.
Disciplinary Rule 5-102(A) provides:
[A] If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101[B][1] through [4].
In Scott County Co-Op v. Brown, 187 So.2d 321 (Miss. 1966), we noted the undesirability of attorneys testifying in cases wherein they are counsel, and said that the practice should be avoided whenever possible. We have said it is reversible error to allow a district attorney who is prosecuting a defendant to testify in the defendant's case. Jenkins v. State, 242 Miss. 646, 136 So.2d 580 (1962); Adams v. State, 202 Miss. *427 68, 30 So.2d 593 (1947). However, in Gradsky v. State, 243 Miss. 379, 137 So.2d 820 (1962), we held that it was error not to allow the defendant to call his attorney as a witness in his favor. We based this decision on the constitutional guarantee of compulsory process.
The general rule concerning testimony by attorneys, as stated by the Minnesota Supreme Court, is that a lawyer should not testify unless circumstances arise which are not anticipated and unless his testimony is necessary to prevent a miscarriage of justice. In the rare case where the attorney's testimony is needed to protect the client's interest, not only may the attorney testify  justice requires that he do so. Schwartz v. Wenger, 267 Minn. 40, 124 N.W.2d 489 (1963). See also Adams v. Flora, 445 S.W.2d 420 (Ky.Ct. of App. 1969); Connolly v. Straw, 53 Wis. 645, 11 N.W. 17 (1881); Cherniak, The Lawyer as a Witness for his Client, 17 Ala.L.Rev. 308 (1964-5).
Thus testimony by an attorney in a case in which he is involved is frowned upon. However, the majority of courts holds that the attorney's testimony is not rendered inadmissible as evidence by the rules of ethics, and permitting his testimony at trial is not a ground for reversal. Universal Athletic Sales Co. v. American Gym, Recreational & Athletic Equipment Corp., 546 F.2d 530 (3rd Cir.1976); Food Fair Stores, New Castle, Inc. v. Howard, 58 Del. 558, 212 A.2d 405 (1965); 6 Wigmore on Evidence § 1911 (Chadbourn Rev. 1976); 3 Jones on Evidence § 21:19 (6th Ed. 1972). The reason for this rule was stated by the Delaware Supreme Court in Food Fair Stores;
Canon 19 [predecessor of current Canon 5] is, of course, a rule of ethics governing conduct of attorneys, for the violation of which an attorney is punishable. It is not designed to penalize the litigant by depriving him of the benefit of testimony which may be vital to his case. Accordingly, the great weight of authority today holds that the attorney's testimony is not rendered inadmissible by the ethics rule, because the client would otherwise suffer a punishment which ought to be imposed upon the lawyer. The threat of such sanctions is deemed "competent to suppress evils of this character." [citation omitted]. 58 Del. at 563, 212 A.2d at 409.
We think, following the better practice, the chancellor should not have allowed attorney Armstrong to testify because, as we stated previously, such situations should be avoided when possible. The issue which the attorney testified about  the tax sale  was contested. His testimony on the point was cumulative because two other witnesses testified about the same sale. Nevertheless, upon this record, such testimony does not warrant reversal of the case. The majority of jurisdictions, with which we concur, holds that although testimony by the attorney is disfavored, such testimony is not inadmissible as evidence and a trial court should not be reversed for allowing such testimony.
Secondly, the state argues it was error to allow the firm of Armstrong and Hoffman to represent appellee Currie. This argument is also grounded on Canon 5 and does not warrant reversal for the same reasons set forth above.
Third argument of the state is that the chancellor erred in allowing Carroll Kemp to testify that he conducted the sale, inasmuch as the certificate for the tax sale states the sheriff and tax collector conducted the sale as required by law.[1] The state argues that Kemp was neither the official to hold the sale nor had received the proper designation to conduct it. The state cites Parker v. Touliatos, 244 So.2d 7 (Miss. 1971), and Leavenworth v. Claughton, 197 Miss. 606, 19 So.2d 815 (1944), in support of its argument. However, neither of these cases supports such a proposition. The question of who could testify concerning a tax sale was not discussed in Leavenworth, and Parker dealt with whether testimony of the tax collector is admissible. Parker held that the tax collector's testimony was admissible *428 since it merely explained how the sale was conducted. In Parker we reiterated the general rule that the recitation in the tax collector's certificate to the list of land sold for taxes that the land was sold "according to the law" raises a presumption that the collector performed his duties as required by law; but we said this presumption may be rebutted by evidence on the face of the list or by other proof. In the instant case, appellee clearly offered other proof to rebut the presumption of adherence to the law. Appellee produced three witnesses, including Kemp who conducted the sale, and all agreed that the land was not offered in 40-acre tracts as required by law.
Next argument is that the chancellor failed to apply Mississippi Code Annotated § 15-1-17 (1972), a statute of limitation which provides that a person may file suit to cancel tax titles within two years after the period of redemption has expired. The state contends that appellee Currie brought suit some 31 years after the tax sale and thus should be prohibited by § 15-1-17 from bringing suit.
We have repeatedly held that this section is not applied when there is a void tax sale and the tax sale purchaser has not taken possession. Russell Inv. Corp. v. Russell, 182 Miss. 385, 182 So. 102 (1938), states that the two-year statute is:
purely a statute of limitation and does not take away any vested rights but fixes a reasonable period of time in which they may be asserted. It leaves the former owner the right to sue and have the sale declared void because of such defects, irregularities and illegalities.
Id. at 416, 182 So. at 106.
Leavenworth v. Claughton, 197 Miss. 606, 19 So.2d 815 (1944), reiterated the rule, stating that the two-year limitation does not begin to run until the possession of the land is invaded or disturbed by a claimant under the tax sale. The next year, State v. Butler, 197 Miss. 218, 21 So.2d 650 (1945), stated:
That the statute of limitations does not apply in this case is too well settled in this state to admit of argument, where, as here, the former owner remained in possession continuously from the time of the tax sale until 1940, when he sold the land to the appellees, who have remained in possession since that time. Russell Inv. Corporation v. Russell, 182 Miss. 385, 411, 178 So. 815, 182 So. 102; White v. Noblin, 183 Miss. 92, 183 So. 914; E.L. Bruce Co. v. Smallwood, 188 Miss. 771, 196 So. 227; Grant v. Montgomery, 193 Miss. 175, 5 So.(2d) 491; Leavenworth v. Claughton (Miss.), 19 So.(2d) 815, suggestion of error overruled.
Id. at 229-30, 21 So.2d at 653.
Thus the rule remains that the two-year limitation does not apply when the tax sale is void and the owner has remained in possession. That the 1948 tax sale was void in the instant case because the authorities failed to offer the land in 40-acre tracts as required by law is uncontradicted. Also uncontradicted is the fact that appellee Currie remained in possession of the interest. The state did nothing to exert dominion or control over the property, and, therefore, the chancellor was correct in not applying the two-year limitation to this suit. If a different rule should be applied because the state is a litigant, such a proposition is one to be addressed by the legislature. At oral argument state's counsel argued that the state had neither manpower nor means to invade, disturb or possess the subject interest, but cited no evidence to that effect. We have found no such evidence and note that when Currie rested his case, the state also rested without offering any testimony.
Final argument of the state is that appellee Currie failed to meet the burden of proof required to render the tax sale void. Parker, supra, is cited for the proposition that the tax collector's certificate that the land was sold according to the law creates a presumption of validity. Significantly, as stated previously Parker holds that the presumption of validity "may be rebutted by evidence on the face of the list or other proof." 244 So.2d at 8. (Emphasis added).
*429 Here appellee Currie clearly went the extra mile and rebutted the presumption of adherence to the law. He produced three witnesses who attended the tax sale, one even being the person who conducted the sale, and all three testified that the land was not offered in 40-acre tracts. The reason that they could be so sure of this fact after some 30 years was that they had consistently attended tax sales in Copiah County and had never seen the land sold in 40-acre tracts. This testimony was not contradicted by the state which called no witnesses in its behalf.
We must conclude that the chancellor correctly found that the appellee rebutted the presumption of validity and proved that the tax sale was void. Accordingly, affirmance is required.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and DARDEN, JJ., concur.
NOTES
[1] Prior to January, 1972, the office of sheriff and tax collector were combined. However, the dual office was severed by 1968 Miss.Law ch. 369 § 19.